JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant Lorenzo Boyd ("Boyd") appeals his convictions for drug trafficking, drug possession, and preparing drugs for sale. Finding no merit to this appeal, we affirm.
 {¶ 2} This appeal involves four separate cases. In case No. 404584, Boyd was charged with preparation of drugs for sale, drug possession, and possession of criminal tools. The record reveals that on December 2, 2000, Boyd was apprehended in the lobby of an apartment building on Wade Park Avenue in Cleveland with two pill vials containing a total of 4.4 grams of crack cocaine.
 {¶ 3} Case No. 404164 stemmed from an incident occurring on December 19, 2000 at the same apartment building. On that date, police executed a search warrant at the apartment where Boyd and his girlfriend resided. The police discovered a ceramic crack pipe, a spoon, two metal stems, and a glass tube, all with cocaine residue. As a result, Boyd was charged with drug possession.[1]
 {¶ 4} In case No. 417322, he was charged with drug possession, drug trafficking, and possession of criminal tools. The events giving rise to this indictment occurred on October 18, 2001. Based on a tip from Cleveland police, Cleveland Metropolitan Housing Authority ("CMHA") police apprehended Boyd on two outstanding warrants. The officers found a plastic bag containing eight large rocks of crack cocaine in the jacket on the back of Boyd's chair in a CMHA apartment. The officers also discovered two vials containing crack cocaine in Boyd's pants pocket. Additionally, at the police station, Boyd placed a bottle containing crack cocaine on the property counter and acknowledged its ownership.
 {¶ 5} Lastly, in Case No. 426363, Boyd was charged with drug trafficking resulting from his sale of crack cocaine to a confidential reliable informant on May 16, 2002 on Wade Park Avenue.
 {¶ 6} The State moved for joinder of all four cases pursuant to Crim.R. 13 and Crim.R. 8(A). Boyd opposed the motion, arguing that the four cases involved different facts and investigations which occurred over an eighteen-month period. Finding that the cases constituted the same continuing criminal activity, the trial court allowed consolidation. The matter proceeded to a jury trial, without Boyd's counsel renewing any objection to the joinder during the trial.
 {¶ 7} At the close of the State's evidence, the trial court granted Boyd's motion for acquittal as to the possession of criminal tools charge in case No. 404584.
 {¶ 8} Boyd testified in his own defense, admitting to possession of crack cocaine in two cases, but denying possession of the 24.5 grams found in the jacket. He also denied possessing any drugs found in the apartment in case No. 404164. Although he admitted selling drugs on May 16, 2002, he denied selling drugs as alleged in the other cases and claimed that the May 16 occurrence was an isolated incident. He attributed his severe addiction as the reason for carrying a large quantity of drugs.
 {¶ 9} The jury acquitted Boyd in case No. 404164 on the drug possession charge and on the possession of criminal tools charge in case No. 417322 but found him guilty in case No. 426363 of two counts of drug trafficking, guilty of drug possession and drug trafficking in case No. 417322, and guilty of preparation of drugs for sale and drug possession in case No. 404584. The court sentenced him to a total of five years in prison and ordered three years of post-release control.
 {¶ 10} Boyd appeals, raising four assignments of error.
 Trial Court's Journal Entry {¶ 11} In his first assignment of error, Boyd contends that the trial court failed to correctly journalize the jury's verdict and, therefore, his conviction should be vacated. Specifically, he argues that because the docket reflects that the "court" rather than the "jury" found him guilty, his conviction should be vacated.
 {¶ 12} In support of his argument, Boyd relies solely onState ex rel. Jackson v. Dallman (1994), 70 Ohio St.3d 261, wherein the Ohio Supreme Court held that a trial court's failure to properly journalize a jury waiver invalidates the waiver. Boyd argues that the requirement to properly journalize the jury's decision is analogous to journalizing a jury waiver and, therefore, failure to properly journalize the jury's decision mandates a reversal of his conviction. We disagree.
 {¶ 13} Boyd fails to recognize that the execution of a jury waiver is governed by statute, i.e., R.C. 2945.05, which specifically requires the journalization of a jury waiver. Strict compliance with the statute is required to ensure that the defendant knowingly, voluntarily, and intelligently waived his/her constitutional right to a jury trial. Absent strict compliance with R.C. 2945.05, it is presumed that the defendant has been prejudiced and the waiver was not knowingly, voluntarily, and intelligently made. See State v. Pless (1996),74 Ohio St.3d 333.
 {¶ 14} In contrast, a trial court's failure to properly journalize the jury's verdict, after it has been stated in open court on the record and transcribed, does not constitute a denial of a defendant's constitutional right. Moreover, although the trial court speaks through its journal and should journalize the jury's verdict properly, Boyd has not suffered any prejudice as a result of the clerical error nor is there any statute mandating a reversal as a result of the error. Rather, the proper remedy for correcting the clerical error is simply making a nunc pro tunc entry. See State v. Brown (2000), 136 Ohio App.3d 816.
 {¶ 15} In fact, Crim.R. 36 specifically allows for the trial court to correct a clerical mistake in a judgment or order at any time, and App.R. 9(E) authorizes this court to direct that the misstatement be corrected. Accordingly, we order the trial court to correct the record with a nunc pro tunc entry, modifying its order of December 10, 2002 in each case to reflect that the finding of guilt was made by the jury.
 {¶ 16} Boyd's first assignment of error is overruled.
 Joinder of the Indictments {¶ 17} In his second assignment of error, Boyd contends that the trial court erred by joining all four indictments for one trial. Specifically, he argues that the offenses charged are wholly unrelated, occurred over an eighteen-month period, and involved different facts and investigations. He claims that the cumulative effect of the joinder allowed the State to present a stronger case against him, whereas if the indictments were tried separately, the jury would not have found him guilty.
 {¶ 18} We initially note that because Boyd failed to renew his objection to the joinder of the indictments at the close of the State's evidence or at the conclusion of all the evidence, he has waived this issue on appeal except for plain error. See,State v. Owens (1975), 51 Ohio App.2d 132, 146; see, also,State v. Saade, Cuyahoga App. Nos. 80705 and 80706, 2002-Ohio-5564; State v. Hill, Cuyahoga App. No. 80582, 2002-Ohio-4585; State v. Fortson (Aug. 2, 2001), Cuyahoga App. No. 78240. But even if Boyd had renewed his objection to joinder, we find his argument lacks merit.
 {¶ 19} Crim.R. 8(A) provides:
"Joinder of offenses. Two or more offenses may be charged inthe same indictment, information or complaint in a separate countfor each offense if the offenses charged * * * are of the same orsimilar character, or are based on the same act or transaction,or are based on two or more acts or transactions connectedtogether or constituting parts of a common scheme or plan, or arepart of a course of criminal conduct."
 {¶ 20} Crim.R. 13 provides in pertinent part:
"The court may order two or more indictments or informationsor both to be tried together, if the offenses or the defendantscould have been joined in a single indictment or information."
 {¶ 21} Thus, pursuant to Crim.R. 8(A) and 13, two or more offenses can be tried together if the offenses are of the same character, based on connected transactions, or are part of a course of conduct. Generally, the law favors joining multiple offenses in a single trial under Crim.R. 8(A) if the offenses charged are of the same or similar character. State v. Lott
(1990), 51 Ohio St.3d 160, 163.
 {¶ 22} However, if joinder would prejudice a defendant, the trial court is required to order separate trials. Crim.R. 14. It is the defendant who bears the burden of demonstrating prejudice and that the trial court abused its discretion in denying severance. Hill, supra, citing State v. Coley (2001),93 Ohio St.3d 253. A defendant's claim of prejudice is negated when: (1) evidence of the other crimes would have been admissible as "other acts" evidence under Evid.R. 404(B); or (2) the evidence of each crime joined at trial is simple and direct. Lott, supra, at 163; see, also, State v. Schaim (1992), 65 Ohio St.3d 51, 59;State v. Franklin (1991), 62 Ohio St.3d 118, 122.
 {¶ 23} In the instant case, we find joinder was proper because the incidents are based on the same course of conduct. The charges alleged a course of consistent drug-related activity, i.e. drug trafficking, occurring on Wade Park Avenue in Cleveland
 {¶ 24} Moreover, Boyd has failed to demonstrate any prejudice by the joinder. The evidence in each case was simple and direct, involving easily distinguishable fact patterns. See Hill,
supra; State v. Santiago (Sept. 27, 2001), Cuyahoga App. Nos. 78678 and 78715. There is no indication from the record that the jury confused the evidence as to the different counts or that it was influenced by the cumulative effect of the joinder. In fact, the jury's verdict demonstrates that they considered each charge separately, i.e. acquitting Boyd in Case No. 404164, finding him not guilty of possession of criminal tools in Case No. 417322, and finding him guilty on all other charges.
 {¶ 25} Accordingly, Boyd's second assignment of error is overruled.
 Jury Charge and Verdict Forms {¶ 26} In his third assignment of error, Boyd contends that the trial court erroneously charged the jury and referenced counts in the jury verdict forms that the State had previously moved to dismiss. Because Boyd failed to raise any objection at the trial level and even consented to the charge and jury verdict forms, we find that he has waived this argument and that no plain error exists. Crim.R. 30(A). See, also, Coley, supra, at 266.
 {¶ 27} Furthermore, even if Boyd had preserved this issue on appeal, we find his argument is inaccurate and without merit. In Case No. 426363, the State moved to dismiss counts 1, 2, 5, and 6 prior to trial. Accordingly, the State presented evidence as to only two counts of drug trafficking occurring on May 16, 2002, rather than six counts as listed in the indictment. However, in order to avoid any confusion with the jury, the trial court designated the counts as 1 and 2 for purposes of the jury verdict forms and charge, rather than counts 3 and 4. In doing so, the trial court stated the following:
"Just so the record is clear, on Case Number — 404 is the maincase. 426363, count 1 and 2 is really count 3 and 4 of theindictment because count 1, 2, 5 and 6 were dismissed prior tothe trial by the prosecutor. However, to not raise any suspicionsin the jury's mind, we renumbered those to counts 1 and 2 just sothe number is clear."
 {¶ 28} Thus, the trial court renumbered the counts for the purpose of avoiding any confusion in the minds of the jury and to prevent any prejudice to the defendant.
 {¶ 29} Boyd's third assignment of error is overruled.
 Statements of Trial Court {¶ 30} In his last assignment of error, Boyd argues that the trial court committed plain error by accusing him of "blackmailing" the court. Specifically, Boyd claims the following colloquy between himself, his counsel, and the court, warrants a reversal of his conviction:
"Ms. Tylee: * * * I related all this information to Mr. Boyd,that we discussed this at length, and his position is, he neededtreatment, and unless there is a plea offer tendered which wouldmake him eligible for treatment and probation supervision, hewishes to proceed to trial * * *.
 The Court: So, Mr. Boyd, what you're saying is, that unless wepromise you probation, you're going to go to trial?
 Defendant: If I get about five years probation, I will notwant to go to trial or whatever.
 The Court: Let me say this to you: You have the right to go totrial. This Court has the right to sentence you. I am not goingto blackmail you into not using your rights, and you're not goingto blackmail me either.
 If you go to trial, and if you have a viable legal defense tothese charges, I'm going to listen to it all and take that intoaccount.
 If, and when, you are found guilty, I will say, hey, it couldhave gone either way, this guy had the right to trial, that's it.If I listen to all this, and you don't have a viable legaldefense, I'll take that into account too. Do you understand whatI'm saying?
 Defendant: Yes.
 The Court: If you go to trial to blackmail this Court, thatwill become apparent to me at some point, right, Miss Tylee?
* * *
If that becomes apparent to me that you are attempting toblackmail this Court, it's not going to be a happy day. Do youunderstand that?
 Defendant: Yes.
 The Court: I have never, ever given a tougher sentence tosomebody who went to trial because they had a viable legaldefense, or a viable claim of any sort, no matter howfar-fetched, but when it becomes apparent to this Court that I'mgoing to trial because of a situation by a Defendant, then itwill be an unhappy day in this courthouse. Do you understandthat?"
 {¶ 31} Contrary to Boyd's argument, we find no plain error in the court's discussion with him prior to trial. Boyd fails to identify how the above colloquy prejudiced him at trial or at sentencing. See State v. Slagle (1992), 65 Ohio St.3d 597,606-605, noting that plain error only exists if the outcome of the trial would have been different if the plain error had not occurred. Moreover, this conversation occurred outside the presence of the jury and, therefore, had no impact on their verdict.
 {¶ 32} Boyd's last assignment of error is overruled.
 {¶ 33} Accordingly, we affirm Boyd's conviction and remand this case for the limited purpose of the trial court correcting the December 10, 2002 journal entries to reflect the jury's verdict.
Frank D. Celebrezze, Jr., P.J., and James J. Sweeney, J., concur.
It is ordered that appellee and appellant share the costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
[1] Boyd was found not guilty of this charge.