[Cite as *State v. Moore*, 2012-Ohio-2935.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 97775

---

## STATE OF OHIO

### PLAINTIFF-APPELLEE

vs.

## ROBERT MOORE, III

### DEFENDANT-APPELLANT

---

### JUDGMENT:
### AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-521078

**BEFORE:** Kilbane, J., Boyle, P.J., and S. Gallagher, J.

**RELEASED AND JOURNALIZED:** June 28, 2012

**APPELLANT**

Robert Moore III, pro se
Inmate No. 572-298
Grafton Correctional Institution
2500 S. Avon Belden Road
Grafton, Ohio 44044

**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor
Daniel T. Van
Assistant County Prosecutor
The Justice Center - 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

MARY EILEEN KILBANE, J.:

{¶1} Defendant-appellant, Robert Moore, III ("Moore"), pro se, appeals from the trial court's judgment denying his motion for acquittal pursuant to Crim.R. 29(C). Finding no merit to the appeal, we affirm.

{¶2} In February 2009, Moore was charged in a multi-count indictment with several codefendants. Counts 1 and 4 charged him with drug possession, and each count carried a one-year firearm specification and multiple forfeiture specifications. Counts 2 and 5 charged him with drug trafficking, and each count carried a one-year firearm specification and carried multiple forfeiture specifications. Count 3 charged him with carrying a concealed weapon and carried a forfeiture specification. Count 7 charged him with possessing criminal tools and carried multiple forfeiture specifications.

{¶3} The matter proceeded to a jury trial, at which he was found guilty of all counts and specifications. The trial court sentenced Moore to an agreed sentence of 13 years in prison. The trial court's journal entry stated that, as part of the agreed-upon sentence, Moore had waived his appellate rights.

{¶4} Moore filed an appeal in September 2009, which this court dismissed because the trial court's sentencing entry indicated that Moore had waived his appellate rights.

{¶5} In September 2010, Moore filed a "motion to vacate and void sentence." Moore argued that his sentence was void because the trial court had not imposed the

mandatory fine required by R.C. 2925.11(E) and 2929.18(B), and counsel had never filed the affidavit of indigency that would have allowed Moore to avoid the fine. Moore contended that his sentence should be vacated in its entirety, and the trial court should resentence him de novo and restore his appellate rights. The trial court denied Moore's motion.

{¶6} Moore then appealed to this court in *State v. Moore*, 8th Dist. Nos. 96111 and 96112, 2011-Ohio-4246 (*"Moore I"*). On appeal, Moore argued that,

> although defense counsel asserted at sentencing that [he] had signed an affidavit of indigency and counsel would file a motion to waive the mandatory fine, he never signed such an affidavit and no affidavit of indigency was ever filed with the court. Therefore, Moore contends that the trial court was required to impose the mandatory fine under R.C. 2925.11(E) and 2929.18(B)(1), and the trial court's failure to follow the statutory requirements renders his entire sentence void. *Id.* at ¶ 11.

{¶7} We vacated Moore's sentence in part and remanded for resentencing consistent with R.C. 2929.18(B)(1), finding when the trial court waived the mandatory fine, the trial court

> relied on defense counsel's assurance that he would file an affidavit of indigency. Nevertheless, no such affidavit was filed prior to entry of the trial court's sentencing decision, and therefore, under R.C. 2929.18(B)(1), the trial court was required to impose the statutorily mandated fine. Because it did not do so, that part of Moore's sentence waiving the mandatory fine is void. *Id.* at ¶ 18.[1]

---

[1]We note that the State filed a motion to certify a conflict with respect to this court's decision in *Moore I.* We certified the following conflict and the Ohio Supreme Court has accepted review: "whether a trial court's failure to impose the statutorily mandated fine required by R.C. 2925.11(E) and 2929.18(B)(1) when no affidavit of indigency is filed with the clerk of court prior to the filing of the trial court's journal entry of sentencing renders that part of the sentence waiving the fine void." The matter is currently pending before the Ohio Supreme Court in

**{¶8}** On remand, Moore filed a motion for acquittal pursuant to Crim.R. 29(C). The trial court denied the motion, finding that the "jury verdict forms were renumbered not to prejudice [Moore]. [Moore] was found guilty without [error.]"

**{¶9}** Moore then filed a "motion for acquittal," asking the trial court to acquit him of Count 6, possession of criminal tools. Moore argued that codefendant Michael Parker ("Parker") was indicted for this offense, and thus, he could not be found guilty of this offense. The State filed a brief in opposition and the trial court denied Moore's motion.

**{¶10}** It is from this order that Moore now appeals, raising the following single assignment of error for review.

ASSIGNMENT OF ERROR

> The trial court erred to the prejudice of [Moore] by violating and depriving him of both due process rights thus guaranteed to him by the Fourteenth Amendment to the United States Constitution and Article One, Section Sixteen of the Ohio Constitution, when the trial court failed to grant [Moore's] Crim.R. 29 motion for acquittal as to the offense to wit: possessing criminal tools as contained in the verdict form [Count 6,] when appellant was not charged by indictment for the offense of possessing criminal tools as found in [Count 6] of the indictment and the record does not contain any announcement that counts in the indictment were renumbered.

**{¶11}** In the instant case, Moore was charged with the following six counts: Counts 1 and 4 charged him with drug possession, Counts 2 and 5 charged him with drug trafficking, Count 3 charged him with carrying a concealed weapon, and Count 7 charged

him with possessing criminal tools. Count 6 of the indictment applied to codefendant Parker. At trial, the court renumbered Count 7 (possessing criminal tools) as Count 6 on the jury verdict forms.

{¶12} Moore argues the trial court erred by renumbering the charges because his judgment of conviction states he was found guilty of possessing criminal tools as charged in Count 7 of the indictment. As a result, he contends that he was never convicted of Count 7 and he should be acquitted of Count 6 because it applies to Parker.

{¶13} Moore's argument, however, is barred by the doctrine of res judicata. Under the doctrine of res judicata, a final judgment of conviction bars the convicted defendant from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial that resulted in that judgment of conviction or on an appeal from that judgment. *State v. Perry*, 10 Ohio St.2d 175, 180, 226 N.E.2d 104 (1967). It is well established that "any issue that could have been raised on direct appeal and was not is res judicata and not subject to review in subsequent proceedings." *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio1245, 846 N.E.2d 824, ¶ 16.

{¶14} Here, Moore brought an appeal from his conviction and sentence in *Moore I*. In that appeal, he failed to raise the argument he now presents. The proper avenue for Moore would have been in his earlier appeal. Therefore, we find the sole assignment of error to be barred by res judicata.

{¶15} Moreover, even if we were to consider Moore's argument, his Crim.R. 29(C) motion is untimely.   Crim.R. 29(C) provides:

> If a jury returns a verdict of guilty * * *, a motion for judgment of acquittal may be made or renewed within *fourteen days* after the jury is discharged or within such further time as the court may fix during the fourteen day period.  If a verdict of guilty is returned, the court may on such motion set aside the verdict and enter judgment of acquittal.

(Emphasis added.)

{¶16} In the instant case, the jury returned its verdict on July 9, 2009.   Moore filed his motion more than two years later on November 15, 2011.

{¶17} Furthermore, the renumbering of Count 7 in the jury verdict forms was not error.   *See State v. Boyd*, 8th Dist. Nos. 82921, 82922, 82923, 2004-Ohio-368, ¶ 28; *Gooden v. Bradshaw*, 5th Dist. No. 11CA55, 2011-Ohio-5300.   To avoid confusion in the minds of the jury, the trial court renumbered the charges pertaining to Moore in the jury verdict forms.   It is clear in the instant case that Moore was convicted for the crimes with which he was charged in the indictment.

{¶18} Thus, Moore's sole assignment of error is overruled.

{¶19} Judgment is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.   The trial court's denial of defendant's motion for acquittal having been affirmed, any bail pending appeal is terminated.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY EILEEN KILBANE, JUDGE

MARY J. BOYLE, P.J., and
SEAN C. GALLAGHER, J., CONCUR