[Cite as *State v. Moore*, 2014-Ohio-5682.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**Nos. 100483 and 100484**

**STATE OF OHIO**

PLAINTIFF-APPELLEE

vs.

**ROBERT MOORE**

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CR-09-521078-A and CR-09-525878

**BEFORE:** Keough, J., Jones, P.J., and Stewart, J.

**RELEASED AND JOURNALIZED:** December 24, 2014

**ATTORNEYS FOR APPELLANT**

Robert L. Tobik
Cuyahoga County Public Defender
By: Erika B. Cunliffe
Public Defender
310 Lakeside Avenue, Suite 200
Cleveland, Ohio 44113

**APPELLANT**

Robert Moore, pro se
No. 572-298
Grafton Correctional Institution
2400 S. Avon Belden Road
Grafton, Ohio 44044


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
By: Daniel T. Van
Assistant Prosecuting Attorney
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

KATHLEEN ANN KEOUGH, J.:

**{¶1}** In this consolidated appeal, defendant-appellant, Robert Moore, appeals the trial court's decision denying his motion to withdraw his guilty plea and to vacate the plea agreement. For the reasons that follow, we affirm the judgment of the trial court.

## I. Procedural History

**{¶2}** In 2009, Moore was charged in a multi-count indictment under case number CR-09-521078 with several codefendants relating to various drug-related activities that occurred between February 13 and 15, 2009.

**{¶3}** During the course of the case, Moore filed multiple suppression motions, which were denied after an evidentiary hearing. Approximately a week or two prior to trial, defense counsel was made aware that another indictment was possibly going to be filed against Moore stemming from a controlled buy from a confidential informant that also occurred on February 13, 2009. (Tr.1705-1706.) It was discussed between trial counsel and the prosecutor that if Moore went to trial on the pending case, this second indictment would be filed against Moore. (Tr. 1706.) The trial court indicated to Moore that given the nature of the two cases and in the event of guilty verdicts in both cases, the court would impose at the very least an aggregate 18-year sentence. (Tr.12-18.) Moore exercised his right to go to trial, and the state filed the second indictment — case number CR-09-525878, charging him with other drug-related offenses.

**{¶4}** Following a week-long jury trial, Moore was found guilty in CR-521078 of all charges and was facing over 16 years in prison. Following the verdict but before sentencing, a plea deal was reached in case number CR-525878 that also involved an agreed sentence in CR-521078. The agreement provided that Moore would plead guilty to drug trafficking in violation of R.C. 2925.03(A)(1), as charged in Count 1 of the indictment in CR-525878 and waive any discovery and suppression issues, and appellate rights in that case. (Tr. 1610, 1628).

Moore would also waive his appellate rights on any suppression or trial issues in CR-521078 (tr. 1610) and agree to forfeit vehicles and money. (Tr. 1610). In exchange, the state would nolle Counts 2 and 3 in CR-525878 and an agreed total sentence of 13 years in prison would be imposed for both cases.

{¶5} During the beginning of the plea colloquy, the trial court asked Moore whether he was threatened, promised, forced, or induced by anyone to accept the plea. (Tr. 1614). Moore responded:

> No. I was told by [my attorney] and basically by the prosecutor for me to get my plea I have to give up my rights, the money that they took from me, drugs. If I don't, I'm going to get like 20 years, 20 some years, so basically I have to give up everything. That's what I was told to do.

{¶6} The trial court then explained that the court never indicated it was imposing a 20-year sentence. The court reminded Moore of the conversation they had prior to the start of trial about the potential sentence he was facing — a minimum of 18-years total on both cases. (Tr. 12-18; 1614-1616). The court then reiterated that it never discussed with anyone a 20-year sentence. Moore stated he understood the court's explanation and agreed about the earlier conversation.

{¶7} The trial court accepted Moore's plea as presented in case number CR-525878 and sentenced him to an agreed sentence of nine-years incarceration to run concurrent with the agreed 13-year sentence imposed in case number CR-521078. As part of these agreed sentences, Moore agreed to forfeiture of vehicles and money, and waived his appellate rights regarding discovery, suppression, and any issues raised at trial.

**{¶8}** In September 2009, Moore filed timely notices of appeal in both cases. This court subsequently dismissed the appeals because the trial court's sentencing entry indicated that as part of the agreed-upon sentences, Moore had waived his appellate rights. *State v. Moore*, 8th Dist. Cuyahoga Nos. 93934 and 93935 (Sept. 21, 2009).

**{¶9}** In September 2010, Moore filed a "motion to vacate and void sentence" challenging the court's waiver of mandatory fines. He argued that because no affidavit of indigency was filed prior to sentence, the court erred in waiving the fines; thus, his entire sentence should be void. The trial court denied his motion. This court reversed the trial court's decision, but determined that only the waiver of fines was void; the other aspects of Moore's sentence remained intact and resentencing was limited to the imposition of the mandatory fine. *State v. Moore*, 8th Dist. Cuyahoga Nos. 96111 and 96112, 2011-Ohio-4246, ¶ 18, *aff'd State v. Moore*, 135 Ohio St.3d 151, 2012-Ohio-5479, 985 N.E.2d 432 ("*Moore I*").

**{¶10}** A year later in September 2011, Moore filed two motions in CR-525878 — "Presentencing Motion to Withdraw Guilty Plea" and an "Amended Motion Requesting to Withdraw Guilty Plea Prior to Resentencing based on Double Jeopardy." In October 2011, he filed a "Motion to Amend Defendant's Timely Presentencing Motion to Withdraw Guilty Plea." In these motions, Moore maintained that the firearm specifications were the same under both indictments and therefore when he was convicted and sentenced in both cases on the firearm specifications, he was put in jeopardy twice. Moore also moved to vacate and void his judgment of conviction contending that he should not have been sentenced on the count of possessing criminal tools in CR-521078 because the jury verdict forms indicated that he was found not guilty.

**{¶11}** On November 8, 2011, the trial court filed two journal entries both under CR-521078. The first journal entry denied Moore's motion to withdraw his guilty plea reasoning that Moore was "barred by res judicata as the issue before the court could have been raised on direct appeal as it is a sentencing issue." Under separate journal entry, the trial court also denied Moore's motion to vacate and void his judgment of conviction finding that "no evidence has been presented by the defendant to support his claim that the jury found him not guilty of possession of criminal tools."

**{¶12}** Moore appealed these decisions under both case numbers. *See State v. Moore*, 8th Dist. Cuyahoga Nos. 97654 and 97655. These appeals were subsequently dismissed. Case number 97655 was dismissed in December 2011 for lack of a final appealable order — "the trial court has not ruled on appellant's motion to vacate. The appeal is premature."[1] Case number 97654 was dismissed in February 2012 for failing to file the record.

**{¶13}** In November 2011, Moore filed another post-judgment motion — "Motion for Acquittal Pursuant to Crim.R. 29(C) after Verdict or Discharge of the Jury" contending that the jury verdict forms were renumbered to his prejudice because Count 7 of the indictment was changed to "Count 6" on the jury verdict forms when in fact, Count 6 of the indictment pertained to a codefendant.

**{¶14}** The trial court denied his motion for acquittal finding that the jury verdict forms were not renumbered to his prejudice. Moore appealed that decision. *State v. Moore*, 8th Dist.

---

[1]It appears that the dismissal of this appeal may have been in error. *See* tr. 1661-1664. The trial court denied Moore's motions to withdraw his plea and vacate and void sentence on November 8, 2011. These journal entries were only filed under CR-521078. Therefore, when Moore appealed the denial of his motion to withdraw his plea under CR-525878, the docket did not reflect that the trial court ruled on the motion. But looking under CR-521078, the entry was indeed filed prior to Moore's appeal. The confusion exists because the trial court's journal entry contained the wrong case number. No correction of the record was requested.

Cuyahoga No. 97775, 2012-Ohio-2935. ("*Moore II*"). This court found that Moore's appeal was barred by res judicata because he could have raised this issue in his prior appeal in *Moore I*. *Id*. at ¶ 14. This court nevertheless addressed the assignment of error and found that Moore's challenge to the jury verdict forms was untimely and the renumbering of the counts in the jury verdict forms were to avoid confusion for the jurors, not to the prejudice Moore. *Id*. at ¶ 15-17.

{¶15} By January 2013, the Ohio Supreme Court had issued its decision affirming this court's decision rendered in *Moore I*. The trial court conducted a hearing for the limited purpose of resentencing Moore regarding mandatory fines. Appointed counsel was present and requested the court to continue the resentencing so that Moore could file the requisite affidavit of indigency and accounting for the purpose of requesting the trial court to waive the mandatory fines. The trial court agreed and the matter was continued.

{¶16} Subsequently, Moore filed two additional motions — a motion to withdraw his plea and a motion for a hearing to determine allied offenses. In each motion, Moore contended that his plea was not made knowingly, intelligently, and voluntarily because the offenses he was indicted for under CR-525878 were allied to the offenses he was convicted of in CR-521078 and he was not advised that this violated his right against double jeopardy.

{¶17} At the resentencing in March 2013, the trial court heard arguments from Moore's counsel regarding these pro se motions. Because the state had not responded to the arguments raised by Moore in his motions, the court continued the matter again for resentencing and for a motion hearing. In the interim, Moore's counsel filed a formal motion to withdraw Moore's plea.

{¶18} Finally, in August 2013, the trial court resentenced Moore for the limited purpose of accepting Moore's affidavit of indigency and waiving the mandatory fines as directed by the Ohio Supreme Court.

{¶19} On this date, the trial court also conducted a hearing on Moore's motion to withdraw his plea. Moore maintained in his motion that at the time he pleaded guilty, he did not know that the offenses indicted for in CR-525878 were allied offenses and subject to merger with the offenses he was convicted of in CR-521078. He also moved to withdraw his plea because he was led to believe that he was facing the possibility of an additional 25-years in prison on the second case; thus, he alleged he was induced into entering a plea on CR-525878. He stated had he known that the offenses in the two cases would have likely merged for sentencing and he would not face any additional time, he never would have entered into the plea, which included waiving his right to appeal.

{¶20} The trial court heard testimony from both Moore and his trial counsel, and also considered oral arguments from both the defense and the state. The trial court issued a written decision concluding the issue of allied offenses can only be raised on direct appeal and that because Moore waived his appellate rights, Moore's motion was denied. However, the court stated that even addressing the merits of the motion, Moore did not demonstrate a manifest injustice as required by Crim.R. 32 to withdraw the plea. The court found that Moore received the benefit of the bargain and was facing a higher sentence if he did not accept the plea agreement. Furthermore, the court noted that trial counsel testified that he did not address the issues of double jeopardy and allied offenses with Moore because in his opinion, those issues did not exist — at the time of the plea, drug trafficking in violation of R.C. 2925.03(A)(1) was not necessarily considered to be an allied offense with drug trafficking in violation of R.C.

2925.03(A)(2) or drug possession in violation of R.C. 2925.11(A). *See State v. Cabrales*, 118 Ohio St.3d 54, 2008-Ohio-1625, 886 N.E.2d 181, ¶ 29-33.

**{¶21}** Moore now appeals, raising one assignment of error through counsel. Moore raises three additional assignments of error, pro se, after obtaining leave from this court. Some of the assignments of error will be addressed together.

## II.   Withdraw of Plea

**{¶22}** In the assignment of error raised by counsel, Moore contends that his "guilty plea was neither knowing nor intelligent because it was prompted by misinformation about the applicable law and the proper sentence that could be imposed."

**{¶23}** Crim.R. 32.1 authorizes the postconviction withdrawal of a plea only to correct a manifest injustice. *State v. Xie*, 62 Ohio St.3d 521, 526, 584 N.E.2d 715 (1992). The defendant bears the burden of proving manifest injustice. *Id*. A defendant can only establish a manifest injustice in "extraordinary cases." *State v. Smith*, 49 Ohio St.2d 261, 361 N.E.2d 1324 (1977), paragraph one of the syllabus. "'A manifest injustice has been defined by the Ohio Supreme Court as a "clear or openly unjust act."'" *State v. Sage*, 2d Dist. Montgomery No. 25453, 2013-Ohio-3048, ¶ 16, quoting *State v. Moore*, 2d Dist. Montgomery No. 24387, 2011-Ohio-4546, ¶ 9, quoting *State ex rel. Schneider v. Kreiner*, 83 Ohio St.3d 203, 208, 699 N.E.2d 83 (1998). "Although Crim.R. 32.1 does not prescribe a time limitation, an 'undue delay between the occurrence of the alleged cause for withdrawal of the guilty plea and the filing of a motion under Crim.R. 32.1 is a factor adversely affecting the credibility of the movant and militating against granting of the motion.'" *Stage v. Nooks*, 10th Dist. Franklin No. 10AP-108, 2010-Ohio-2982, ¶ 6, quoting *Smith* at paragraph three of the syllabus. The determination of whether the defendant has sustained his burden is committed to the sound discretion of the trial

court and will not be disturbed on appeal, absent an abuse of discretion. *State v. Caver*, 8th Dist. Cuyahoga Nos. 90945 and 90946, 2008-Ohio-6155, citing *Smith* at paragraph two of the syllabus.

{¶24} Reviewing the motion to withdraw filed with the trial court, the transcript of the proceedings, and the brief on appeal, Moore appears to challenge that he was denied effective assistance of counsel at the time of the plea in 2009. Moore contends that he was induced into entering into the plea agreement based on his trial counsel's failure to correctly advise him regarding the penalty he was facing under the second indictment.

{¶25} Moore maintains that at the time he pleaded guilty, he did not know that the offenses he allegedly committed on February 13, 2009 — both charged in CR-521078 and 525878 — were allied offenses; thus, under the Double Jeopardy Clauses of the State and Federal Constitutions, and the law in the state of Ohio, the state is barred from obtaining convictions on at least two of the three charges in the second indictment as well as the firearm specifications related to all three charges. He argues that had he been correctly advised of the Double Jeopardy and allied offense implications of the second indictment — that drug possession and at least one of the drug trafficking counts were allied in the first indictment — he would have never pled guilty in CR-525878 and forfeited his right to a direct appeal in CR-521078.

{¶26} Ineffective assistance of counsel is a proper basis for seeking a postsentence withdrawal of a guilty plea. *State v. Mays*, 174 Ohio App.3d 681, 2008-Ohio-128, 884 N.E.2d 607, ¶ 8 (8th Dist.), citing *State v.Dalton*, 153 Ohio App.3d 286, 2003-Ohio-3813, 793 N.E.2d 509, ¶ 18 (10th Dist.). When an alleged error underlying a motion to withdraw a guilty plea is the ineffective assistance of counsel the defendant is required to demonstrate that (1) his

counsel's performance was seriously flawed and deficient and (2) that there is a reasonable probability that, but for counsel's errors, he would not have pled guilty. *Strickland v. Washington*, 466 U.S. 668, 687-688, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Xie*, 62 Ohio St.3d at 524, 584 N.E.2d 715. "[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Strickland* at 690.

{¶27} After reviewing the pertinent law at the time of Moore's plea and the transcript of the proceedings, we conclude that the trial court did not abuse its discretion in denying Moore's motion to withdraw because (1) Moore's motion is arguably barred by res judicata, (2) Moore is attempting to appeal an agreed sentence, and (3) Moore has not demonstrated that counsel was deficient; thus, unable to satisfy his burden of demonstrating that a manifest injustice has occurred.

### A. Res Judicata

{¶28} The trial court did not abuse its discretion in denying Moore's motion to withdraw his plea because the motion is arguably barred by res judicata. "Res judicata prevents repeated attacks on a final judgment and applies to all issues that were or might have been litigated." *State v. Sneed*, 8th Dist. Cuyahoga No. 84964, 2005-Ohio-1865, ¶ 16, citing *State v. Brown*, 8th Dist. Cuyahoga No. 84322, 2004-Ohio-6421.

{¶29} Moore waived his appeal rights in these cases regarding issues pertaining to discovery, suppression, and trial. Nothing precluded Moore from filing an appeal challenging whether he knowingly, voluntarily, and intelligently entered into the plea agreement in 2009. Although we recognize that this court dismissed his direct appeal, the appeal should have only been dismissed insofar as it challenged any pretrial or trial issues.

**{¶30}** Furthermore, res judicata would also prohibit Moore's appeal because this is an appeal from his fifth motion to either withdraw his plea or vacate a void sentence. "'The doctrine of res judicata is applicable to successive motions to withdraw a guilty plea under Crim.R. 32.1.'" *State v. Steinke*, 8th Dist. Cuyahoga No. 100345, 2014-Ohio-2059, ¶ 20, quoting *State v. Muhumed*, 10th Dist. Franklin No. 11AP-1001, 2012-Ohio-6155, ¶ 13.

**{¶31}** Moore challenged the trial court's imposition of court costs in 2010, but did not make any argument challenging his plea. Again, in 2011, he filed multiple motions seeking to withdraw his plea and vacate his sentence. Because we recognize that the appeal from the November 8, 2011 journal entry denying his motion to withdraw his plea was possibly dismissed erroneously, this court will not use the doctrine of res judicata to bar Moore's appeal in this matter. *See, e.g., State v. Holmes*, 8th Dist. Cuyahoga No. 100388, 2014-Ohio-3816, ¶ 23, citing *State v. Simpkins*, 117 Ohio St.3d 420, 2008-Ohio-1197, 884 N.E.2d 568, ¶ 25-27. However, other reasons exist which require this court to affirm the trial court's decision denying his motion to withdraw his plea.

### B. Agreed Sentence

**{¶32}** The underlying basis for which Moore requests his plea to be withdrawn is that the offenses contained in CR-525878 are allied offenses with the offenses contained in CR-521078. Moore contends, therefore, that he was not facing any additional sentence and the misinformation about the potential additional 25-year jail sentence for the second indictment induced him into taking the plea, which included waiving his appellate rights.

**{¶33}** The record demonstrates that the trial court expressly addressed this issue with Moore at the beginning of the plea colloquy. *See* tr. 1614-1616. In fact, the court advised

Moore prior to the trial that if he was convicted of all charges in both cases, he faced a minimum of 18 years.   (Tr. 12-18.)

{¶34} Even if the offenses were allied, R.C. 2953.08(D) forecloses review of the actual sentence imposed by the trial court pursuant to an agreed sentence upon entering a plea of guilty. This court and other districts have concluded that agreed sentences, even those containing allied offense issues, are not appealable. *See State v. Stansell*, 8th Dist. Cuyahoga No. 75889, 2000 Ohio App. LEXIS 1726, *12-13 (Apr. 20, 2000).   Therefore, Moore could not have appealed his sentence, raising these allied offense issues because it was an agreed sentence.   The effect of the agreed sentence also overrules Moore's first pro se assignment of error challenging the court's discretion in sentencing him on duplicitous indictments that violate the double jeopardy clause.

### C.   Deficient Performance/Manifest Injustice

{¶35} Reaching the merits of the assignment of error, we find that the trial court did not abuse its discretion in denying Moore's postconviction motion to withdraw his plea.   Moore has not demonstrated that his trial counsel was seriously flawed or deficient in failing to address double jeopardy and allied offense issues regarding the second indictment sufficient to withstand his burden of proving that a manifest injustice occurred.

{¶36}   The Double Jeopardy Clause is promulgated under the Fifth Amendment to the United States Constitution and Article I, Section 10 of the Ohio Constitution and it "protect[s] a defendant from successive prosecutions and multiple punishments for the same offense." *State v. Mullins*, 5th Dist. Fairfield No. 12 CA 17, 2013-Ohio-1826, ¶ 12, citing *State v. Kelly*, 7th Dist. Columbiana No. 08 CO 23, 2009-Ohio-1509, ¶ 18.

> "[T]he successive prosecution branch of the Double Jeopardy Clause prohibits the
>
> state from trying a defendant for a greater offense after a conviction of a lesser

included offense and from twice trying a defendant for the same offense." *State v. Morton*, Montgomery App. No. 20358, 2005-Ohio-308, ¶ 8 (internal quotations and additional citations omitted). In comparison, "[u]nder the 'cumulative punishment' prong, double jeopardy protections do 'no more than prevent the sentencing court from prescribing greater punishment than the legislature intended.'" *State v. Coe*, Stark App. No. 2009 CA 00050, 2010-Ohio-1840, ¶ 109, quoting *Missouri v. Hunter*, 459 U.S. 359, 366, 103 S.Ct. 673, 74 L. Ed.2d 535 (1983).

*Mullins* at ¶ 12.

**{¶37}** In this case, Moore contends that the second indictment falls under both prongs of the double jeopardy clause; thus, trial counsel was deficient for failing to explain, address, or argue these issues before the trial court. According to Moore, had trial counsel advised him properly that the second indictment may not have subjected him to any additional sentence, he would not have entered into the plea agreement and agreed sentence.

**{¶38}** First, we must determine whether the second indictment violated his right against successive prosecutions. "To determine whether a subsequent prosecution is barred by the Double Jeopardy Clause of the Fifth Amendment, a court must first apply the *Blockburger* [*v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed.2d 306] test." *State v. Tolbert*, 60 Ohio St.3d 89, 573 N.E.2d 617 (1991). "The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." *Blockburger* at 304. "If the application of the test reveals that the

offenses have identical statutory elements or that one is a lesser included offense of the other, the subsequent prosecution is barred." *Tolbert* at paragraph one of the syllabus.

{¶39} In support of his argument that the second indictment was barred, Moore relies on *State v. Edwards*, 8th Dist. Cuyahoga Nos. 94568 and 94929, 2011-Ohio-95, and *Rashad v. Burt*, 108 F.3d 677 (6th Cir.1997), where the courts found that the double jeopardy clause prohibiting successive prosecutions barred the prosecutions in subsequent indictments.

{¶40} In *Rashad*, the defendant was prosecuted for possession with intent to deliver cocaine found in his automobile after he had been convicted for possession with intent to distribute cocaine found in his house; both convictions stemmed from the execution of a single search warrant. *Id*. at 678. Similarly, in *Edwards*, the defendants were charged with drug trafficking, drug possession, and possession of criminal tools based on a search of one defendant's car. After the defendants had entered into a plea and were sentenced, a new indictment was filed based on additional drugs that were subsequently located in the car. This court held that the defendants in *Edwards* had a sense of finality when they entered into their plea.

{¶41} In this case, and unlike *Edwards* and *Rashad*, both indictments were pending prior to trial commencing. The parties, including Moore, were well aware of the facts and circumstances surrounding each indictment. Therefore, there was no sense of finality after Moore was found guilty of the first indictment. Furthermore, and as explained by Moore's trial counsel, the two events did not stem from one search warrant or arrest, but rather different events involving different offenses, drug amounts, and locations.

{¶42} Applying the *Blockburger* test, the second indictment charged Moore with drug trafficking in violation of R.C. 2925.03(A)(1), whereas he was charged under the first indictment

with drug trafficking in violation of R.C. 2925.03(A)(2). The former requires it to be proven that the offender intends to sell the controlled substance, whereas trafficking under R.C. 2925.03(A)(2) does not. According to the *Blockburger* "same elements" test, Moore's right against successive prosecutions was not violated.

{¶43} Regarding the multiple punishment prong of the Double Jeopardy Clause, Moore relies on *State v. Johnson*, 128 Ohio St.3d 153, 161-162, 2010-Ohio-6314, 942 N.E.2d 1061, in maintaining that the drug trafficking offenses in CR-525878 are allied with the drug trafficking and possession offenses in CR-521078. However, *State v. Cabrales*, 118 Ohio St.3d 54, 2008-Ohio-1625, 886 N.E.2d 181, governed allied offenses at the time these offenses occurred and at the time of the plea and sentencing.

{¶44} Under *Cabrales*, the Ohio Supreme Court relaxed the previous standard by providing that "[i]nstead, if, in comparing the elements of the offenses in the abstract, the offenses are so similar that the commission of one offense will necessarily result in commission of the other, then the offenses are allied offenses of similar import." *Id*. at ¶ 26. In *Cabrales*, the Ohio Supreme Court expressly addressed those offenses that Moore claims are allied in his case. The court held that drug trafficking in violation of R.C. 2925.03(A)(1) was not necessarily allied with drug trafficking in violation of R.C. 2925.03(A)(2), and that drug trafficking under the (A)(1) section was not necessarily allied with drug possession in violation of R.C. 2925.11(A). *Id*. at ¶ 29-33. Accordingly, Moore's offenses were not allied offenses under *Cabrales*.

{¶45} Trial counsel testified that he did not discuss the issue of allied offenses or double jeopardy with Moore because he did not think an issue existed and that the two offenses were not subject to merger because, as he explained,

We did not discuss double jeopardy. We did not discuss allied offenses. After careful analysis of the facts that I knew of the case, about the first and the second case, given the separate dates, separate times, separate amounts, separate witnesses, it was my analysis that those were separate incidents and they did not qualify for merger, so I did not have that discussion.

(Tr. 1709-1710.)

**{¶46}** Trial counsel testified that he had approximately 23-years experience as an attorney and primarily represented individuals charged with drug-related offenses. Given counsel's experience and explanation regarding why he did not believe the offenses were subject to merger, considering his knowledge of the law as it existed at the time, counsel's performance was not deficient. Counsel was well aware of the effect of allied offenses and merger because various counts in CR-521078 were merged for sentencing. Finally, *Cabrales* would have prevented the trial court from merging the drug trafficking offense in CR-525878 with any of the other offenses in CR-521078. Based on the foregoing, Moore has not demonstrated that his trial counsel was deficient.

**{¶47}** Moreover, Moore has failed to meet his burden of demonstrating that a manifest injustice occurred. Moore entered into an agreed sentence after being found guilty by a jury of two counts of drug trafficking, drug possession, and one count of possessing criminal tools, with each count containing firearm specifications. Moore was facing over 16 years in prison under this indictment alone. The fact that he received an agreed 13-year sentence under both cases demonstrates that Moore received the benefit of the bargain.

**{¶48}** Based on the foregoing reasons, including the delay in alleging that trial counsel was deficient, the trial court did not abuse its discretion in denying Moore's motion to withdraw his plea based on a claim of ineffective assistance of counsel. Accordingly, Moore's assignment of error raised by counsel and his first assignment of error raised pro se are overruled.

### III. Second and Third Pro Se Assignments of Error

**{¶49}** In his second assignment of error raised pro se, Moore contends that the prosecutor committed "prosecutorial misconduct when she questioned Officer Todd Clark concerning evidence containing [sic] to the case he had not actually been charge [sic] without being formal [sic] charge [sic]." In his third assignment of error raised pro se, Moore contends that he was denied "effective assistance in violation of his Sixth Amendment rights to the United States Constitution due to trial counsel's failure to move for a mistrial due to [the] prosecutor present[ing] unindicted evidence before the court."

**{¶50}** Moore's second and third pro se assignments of error are summarily overruled because the issues raised are defeated by the underlying plea agreement waiving his right to appeal issues that arose at trial in case number CR-521078. Accordingly, the assignments of error are overruled.

**{¶51}** Affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


KATHLEEN ANN KEOUGH, JUDGE

LARRY A. JONES, SR., P.J., and
MELODY J. STEWART, J., CONCUR