[Cite as *State v. Knox*, 2015-Ohio-424.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 101732

---

### STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

### JERRY KNOX

DEFENDANT-APPELLANT

---

### JUDGMENT:
AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-11-557698-A

**BEFORE:** Keough, P.J., E.A. Gallagher, J., and Boyle, J.

**RELEASED AND JOURNALIZED:** February 5, 2015

**APPELLANT**

Jerry Knox, pro se
No. 630-442
P.O. Box 540
Belmont Correctional Institution
Saint Clairsville, Ohio 43950

**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
By: Amy Venesile
Assistant Prosecuting Attorney
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

KATHLEEN ANN KEOUGH, P.J.:

{¶1}    This appeal is before the court on the accelerated docket pursuant to App.R. 11.1 and Loc. App.R. 11.1.  The purpose of an accelerated appeal is to allow this court to render a brief and conclusory opinion.  *State v. Priest*, 8th Dist. Cuyahoga No. 100614, 2014-Ohio-1735, ¶ 1; App.R. 11.1(E).

{¶2}    Defendant-appellant, Jerry Knox ("Knox"), pro se, appeals from the trial court's judgment denying his postsentence motion to withdraw his plea.

I.   Background

{¶3}    Knox was charged with drug trafficking, drug possession, and possession of criminal tools after the police stopped his car for traffic violations (window tint violation and weaving) and discovered marijuana and five cell phones in the car and bags of cocaine, over $5,000 cash, and a cell phone on Knox's person.  After a hearing, the trial court denied Knox's motion to suppress, and he pleaded no contest to the indictment.  The trial court found him guilty and sentenced him to six years incarceration, to be served concurrently with a nine-month sentence in another case, and ordered him to pay an $11,000 fine.

{¶4}    Knox filed an appeal in which he raised seven assignments of error.  This court overruled all the assigned errors and affirmed Knox's conviction.  *State v. Knox*, 8th Dist. Cuyahoga Nos. 98714 and 98805, 2013-Ohio-1662.

{¶5}    Knox subsequently filed a motion to withdraw his no contest plea.  In the motion, Knox argued that his trial counsel had been ineffective for not presenting journal entries from the municipal court during the suppression hearing showing that the municipal court had dismissed the window tint and weaving violations "because the traffic stop was illegal."  Knox argued that if such evidence had been presented, the trial court would have granted his motion to suppress

because any evidence obtained as a result of an illegal stop is "fruit of the poisonous tree" and inadmissible, and hence, the marijuana, cocaine, cash, and cell phones found in his car and on his person were all inadmissible to support the charges against him. Knox contended that counsel's ineffectiveness had created a manifest injustice such that he had pleaded no contest to charges that should have been dismissed and, accordingly, the trial court should allow him to withdraw his plea.

{¶6}   The trial court denied the motion to withdraw without a hearing, and this appeal followed.

## II. Analysis

{¶7}   In his first assignment of error, Knox contends that the trial court abused its discretion in denying his motion to withdraw his plea without an evidentiary hearing because trial counsel's failure to produce the municipal court journal entries showing that the traffic stop was illegal was ineffective assistance of counsel that demonstrated a manifest injustice and required withdrawal of his plea.

{¶8}   Under Crim.R. 32.1, "[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." The motion is addressed to the sound discretion of the trial court, and the trial court's determination will not be reversed on appeal absent an abuse of discretion. *State v. Moore*, 8th Dist. Cuyahoga Nos. 100483 and 100484, 2014-Ohio-5682, ¶ 23.

{¶9} The defendant bears the burden of demonstrating manifest injustice. *State v. Xie*, 62 Ohio St.3d 521, 526, 584 N.E.2d 715 (1992). "Manifest injustice relates to some fundamental flaw in the proceedings [that] results in a miscarriage of justice or is inconsistent

with the demands of due process." *State v. Ruby*, 9th Dist. Summit No. 23219, 2007-Ohio-244, ¶ 11. "Under the manifest injustice standard, a postsentence withdrawal motion is allowable only in extraordinary cases." *State v. Montgomery*, 2013-Ohio-4193, 997 N.E.2d 579, ¶ 61 (8th Dist.), citing *Smith*, *supra*.

{¶10} This is not that extraordinary case. Knox is correct that any evidence obtained after an illegal stop is a product of a Fourth Amendment violation and properly suppressed as "fruit of the poisonous tree." *Wong Sun v. United States*, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963); *Mapp v. Ohio*, 367 U.S. 643, 655, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961). Contrary to Knox's argument, however, the record from the municipal court does not demonstrate that the traffic stop was illegal; rather, the municipal court docket reflects that the court dismissed the traffic charges against Knox "for want of prosecution" because the arresting officer did not appear for trial. The court made no finding that the stop was illegal, and Knox's assertion that we can infer from the court's dismissal for failure to prosecute that the traffic stop was illegal is simply wrong.

{¶11} A hearing on a postsentence Crim.R. 32.1 motion is not required when the record, on its face, conclusively and irrefutably contradicts the allegations in support of the motion. *State v. Yearby*, 8th Dist. Cuyahoga No. 79000, 2002 Ohio App. LEXIS 199, *5 (Jan. 24, 2002). Here, the municipal court record irrefutably contradicts Knox's assertion that the municipal court dismissed the traffic charges because the stop was illegal. Accordingly, the trial court did not abuse its discretion in denying Knox's motion to withdraw his plea without an evidentiary hearing.

{¶12} The first assignment of error is overruled

{¶13} In his second assignment of error, Knox contends that his trial counsel was ineffective for not presenting the municipal court journal entries during the suppression hearing because the entries would have demonstrated that the traffic stop was illegal and, hence, that the suppression motion should have been granted.

{¶14} Under the doctrine of res judicata, a final judgment of conviction bars the convicted defendant from raising and litigating in any proceeding, except an appeal from that judgment, any defense or claimed lack of due process that was raised or could have been raised by the defendant at trial or on appeal. *State v. Perry*, 10 Ohio St.2d 175, 180, 226 N.E.2d 104 (1967). Therefore, any issue that could have been raised on direct appeal but was not is res judicata and not subject to review in subsequent proceedings. *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824, ¶ 16. Because Knox could have raised this argument in his direct appeal, but did not, he is precluded from raising it now.

{¶15} Moreover, even if we considered the assigned error, we would find no ineffective assistance of counsel. As discussed above, the municipal court did not dismiss the traffic charges because the stop was illegal. Accordingly, counsel was not ineffective for not presenting evidence regarding the municipal court's dismissal of the traffic charges. The second assignment of error is therefore overruled.

{¶16} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
KATHLEEN ANN KEOUGH, PRESIDING JUDGE

EILEEN A. GALLAGHER, J., and
MARY J. BOYLE, J., CONCUR