JOURNAL ENTRY AND OPINION *Page 2 
{¶ 1} Appellant, Calvin Caver (Caver), pro se, appeals the denial of two postsentence motions to withdraw guilty pleas entered in the Cuyahoga County Common Pleas Court. On November 13, 2007, Caver filed motions to withdraw his guilty pleas in cases CR-375260 and CR-382128.[1] For the following reasons, we affirm the trial court.
 {¶ 2} Caver's motions to withdraw guilty pleas were based on claims that he was denied the effective assistance of counsel in various aspects, and that the state breached a plea agreement. The state opposed both motions contending that Caver's claims were barred by the doctrine of res judicata, and that Caver failed to demonstrate that he was entitled to the requested relief of vacating his pleas under Crim. R. 32.1.
 {¶ 3} The trial court, without conducting oral hearings on the motions, issued identical orders in each case on January 11, 2008, denying the motions.
 {¶ 4} The only evidentiary material Caver attached to each motion was his own unsigned and unnotarized affidavit. The record also reveals that Caver did *Page 4 
not file a direct appeal in either case, and that he served his sentence in each case.
 {¶ 5} On January 25, 2008, Caver filed Notices of Appeal in both cases, challenging the January 11, 2008 orders denying his motions. Sua sponte, this court issued an order on September 15, 2008, consolidating both appeals for purposes of briefing, hearing, and disposition.
 {¶ 6} The record reveals the following procedural history regarding the two cases involved in the instant appeal.
 {¶ 7} A three-count indictment filed April 22, 1999, in CR-375260, alleged that on November 16, 1998, Caver violated R.C. 2925.11 by possessing crack cocaine, a Schedule II drug, in an amount greater than ten grams but not exceeding twenty-five grams (count one); R.C. 2925.07, preparation of drugs for sale (count two); and R.C. 2923.34, possession of criminal tools (count three).
 {¶ 8} On October 18, 1999, Caver entered a plea of guilty in case CR-375260 to one count of possession of drugs, in an amount greater than five grams but not exceeding 10 grams, in violation of R.C. 2925.11, as amended in count one, a felony of the third degree. The remaining charges, counts two and three, were nolled. The trial court journalized the events of the plea hearing in this case on October 18, 1999, as follows:
 {¶ 9} "Defendant in court with counsel Ken Finley. ProsecutingAttorney Mark Mahoney present. Defendant was *Page 5 advised of all constitutional rights and penalties. On recommendation ofthe prosecutor[,] the indictment language in count 1 is amended to read`greater than 5 grams but not exceeding 10 grams.' Defendant retractsformer plea of not guilty and enters a plea of guilty to possession ofdrugs greater than five grams, but not exceeding 10 grams[,]R.C. 2925.11 F-3 [,] Senate Bill 2[,] as amended in Count 1. Court findsdefendant guilty. Remaining counts are nolled. (Mandatory time/mandatory$5,000.00 fine/driver's license suspension). The defendant is referredto the County Probation Department for a pre-sentence investigation andreport. Sentencing set for November 17, 1999 at 11:00 a.m.[,] Defendantremanded."
 {¶ 10} One day later, October 19, 1999, a five-count indictment was filed against Caver in case CR-382128, which alleged that on May 14, 1999, he violated R.C. 2925.07, preparation of drugs for sale (counts one and two), R.C. 2925.11 possession of drugs, crack cocaine (counts three and four), and R.C. 2923.34, possession of criminal tools (count five).
 {¶ 11} At Caver's request, several pretrials were held in CR-382128, regarding a plea bargain offered by the state. On December 17, 1999, the *Page 6 
following entry was journalized memorializing the events that occurred on December 7, 1999, in Case CR-382128. It states as follows:
 {¶ 12} "Defendant in court with counsel Ken Finley. Prosecuting
 {¶ 13} Attorney Jose Torres present. Defendant was advised of allconstitutional rights and penalties. On recommendation of theprosecutor[,] count 3 amended by adding attempt. Defendant retractsformer plea of not guilty and enters a plea of guilty to attemptpossession of drugs[,] R.C. 2923.02/2925.11 Fel-3 SB2 as amended inCount 3. Court finds defendant guilty. Remaining counts nolled.(Defendant to forfeit one (1) pager and $552.50 in United Statescurrency) Defendant addresses the court. State of Ohio has no oppositionto the imposition of a minimum of 1 year period of incarceration fordefendant. The court considered all of the required factors of the law.The court finds that prison is consistent with the purposes ofR.C. 2929.11. The court imposes a prison term at Lorain CorrectionalInstitution of one year, an agreed mandatory prison term, to runconcurrently with CR 375260. Defendant to receive 105 days jail timecredit, to date. The sentence includes any extensions provided by law.Defendant is to pay court costs as assessed by Clerk's Office.Defendant *Page 7 indigent — Mandatory fine waived. Drivers license suspended for 6months. Defendant remanded to Sheriff's custody for transport."
 {¶ 14} On December 7, 1999, Caver was also sentenced in Case No. CR-375260. The journal entry memorializing the sentencing hearing states as follows:
 {¶ 15} "Defendant in court with counsel Ken Finley. On a former day incourt, defendant plead guilty to possession of drugs five grams notexceeding 10 grams. R.C. 2925.11 F-3 Senate Bill two, as amended incount one. Defendant addresses the court. The court considered all ofthe required factors of the law. The court finds that prison isconsistent with the purpose of R.C. 2929.11. The court imposes a prisonterm at Lorain Correctional Institution of three years to run concurrentwith CR 382128. Defendant to receive 112 days in jail time credit todate. Driver's license suspension for six months. * * *."
 {¶ 16} Caver does not separately set forth assignments of error in his brief as required by App. R. 16(A)(3). Instead, he presents five "arguments" or "grounds" in his appellate brief in which he claims error. The State treated these "arguments" or "grounds" as assignments of error and addressed them in its brief. App. R. 12(A)(2) permits a reviewing court to "disregard an assignment *Page 8 
of error presented for review if the party raising it fails to identify in the record the error on which the assignment of error is based or fails to argue the assignment separately in the brief, as required under App. R. 16(A)." The language of App. R. 12, however, is discretionary.Hungler v. Cincinnati (1986), 25 Ohio St.3d 338, 341. Therefore, in our discretion, we may review or disregard any error not separately assigned. See, State v. Pointer, Cuyahoga App. No. 85195,2005-Ohio-3587, at ¶ 5.
 {¶ 17} Because the five "grounds" in Caver's brief are related in law and fact, we will address them jointly. They provide as follows:
 1. Counsel was ineffective for failing to advise appellant of rights.
 2. Counsel was ineffective for failing to object to breach of plea.
 3. Counsel rendered ineffective assistance for failing to file appeal.
 4. The State's breach of plea agreement constitutes reversible error.
 5. The court erred in denying appellant's motion to withdraw guilty plea without holding an evidentiary hearing.
 {¶ 18} Caver generally argues that the trial court erred when it denied his postsentence motions to withdraw his guilty pleas. However, we review postsentence motions to withdraw pleas upon an abuse-of-discretion standard. State v. Smith (1977), 49 Ohio St.2d 261. "The term `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's *Page 9 
attitude is unreasonable, arbitrary or unconscionable." Blakemore v.Blakemore (1983), 5 Ohio St.3d 217.
 {¶ 19} Crim. R. 32.1 provides as follows:
 {¶ 20} "A motion to withdraw a plea of guilty or no contest may bemade only before sentence is imposed; but to correct manifest injusticethe court after sentence may set aside the judgment of conviction andpermit the defendant to withdraw his or her plea."
 {¶ 21} Thus, Caver must demonstrate the existence of a manifest injustice. "Manifest injustice is an extremely high standard which permits the court to allow plea withdrawal only in extraordinary cases. A manifest injustice is defined as a clear or openly unjust act. Other courts have referred to it as an extraordinary and fundamental flaw in the plea proceeding." S t a t e v . Hamilton, Cuyahoga App. No. 90141,2008-Ohio-455. (Internal citations omitted.)
 {¶ 22} Pursuant to App. R. 16(A)(7), Caver is required to include in his brief: "An argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes and parts of the record on which appellant relies." A review of his brief discerns that he has failed to do so, and in failing to do so has not met his burden of demonstrating the existence *Page 10 
of manifest injustice in the denial of his motions to withdraw pleas of guilty in the above-cited cases.
 {¶ 23} Caver argues that the trial court erred in failing to provide him with an evidentiary hearing prior to ruling on the motion. However, "[a] trial court need not hold an evidentiary hearing on a post-sentence motion to withdraw a guilty plea if the record indicates the movant is not entitled to relief and the movant has failed to submit evidentiary documents sufficient to demonstrate a manifest injustice. But, a hearing on a post-sentence motion to withdraw a plea is required if the facts alleged by the defendant and accepted as true would require the court to permit that plea to be withdrawn." State v. Mays, Cuyahoga App. No. 89362, 2008-Ohio-128. (Internal citations omitted.)
 {¶ 24} In the instant cases presented in this consolidated appeal, Caver did not produce proper evidentiary documents sufficient to demonstrate manifest injustice. The trial court did not abuse its discretion in disregarding unsigned and unnotarized affidavits offered in support of his motions. The unsupported motions did not demonstrate "manifest injustice," and therefore, the court did not err in denying them.
 {¶ 25} Caver argued the following in his unsupported motions to withdraw his plea in each case: first, that his counsel failed to properly and adequately advise him of the fundamental constitutional rights which he gave up when he pleaded guilty and failed to ensure that he had a sufficient understanding of *Page 11 
those rights and what they represented; second, his counsel failed to object to a purported breach of a plea agreement; third, his counsel was deficient for failing to file a direct appeal in his cases; and lastly, that the state breached its plea agreement as he believed that he would receive a total of one year of imprisonment pursuant to the plea agreement.
 {¶ 26} Pursuant to App. R. 16(A)(7), Caver is required to include in his brief: "An argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes and parts of the record on which appellant relies." Caver fails to meet the requirements set forth in App. R. 16(A)(7). Caver's argument regarding purported instances of ineffective assistance of counsel and breach of the plea agreement by the State lack merit because Caver failed to include the transcript or record in support thereof. See App. R. 16(A). "App. R. 16(A)(7) requires [appellant] * * * to point to specific parts of the record to show the alleged error. Without such evidence, we must presume the regularity of the proceedings."Bambeck v. Catholic Dioceses of Cleveland, Cuyahoga App. No. 86894,2006-Ohio-4883.
 {¶ 27} Upon a review of the record and relevant facts we affirm the trial court's denial of Caver's motion to withdraw pleas over eight years after he entered his pleas and was sentenced, and more than five years after he *Page 12 
completed his sentences. The trial court did not abuse its discretion in denying Caver's motions to withdraw his pleas.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANTHONY O. CALABRESE, JR., P.J., and PATRICIA A BLACKMON, J., CONCUR
[1] Caver stated in his motions that he is currently serving a federal court sentence. As set forth in more detail later herein, Caver was sentenced in the cases that are the subject of his appeal on December 7, 1999. Caver has served the one-year sentence imposed in CR-382128. He has also served the three-year sentence imposed in CR-375260, ordered by the trial court to run concurrently with the sentence in CR-382128. Caver sought to withdraw his guilty pleas in the cases before us in order to ameliorate his federal sentence. In his motions, he stated that his federal sentence was lengthened due to their presence on his criminal record as prior convictions. *Page 1