[Cite as *State v. Steinke*, 2014-Ohio-2059.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No.   100345

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## KRISTOPHER STEINKE

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED AND REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CR-02-418568-A and CR-02-420619-A

**BEFORE:**   Keough, P.J., Kilbane, J., and Blackmon, J.

**RELEASED AND JOURNALIZED:**   May 15, 2014

**ATTORNEY FOR APPELLANT**

Eric M. Levy
55 Public Square
Suite 1600
Cleveland, Ohio 44113

**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
By: Daniel T. Van
Assistant Prosecuting Attorney
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

KATHLEEN ANN KEOUGH, P.J.:

**{¶1}** Defendant-appellant, Kristopher Steinke, appeals from the trial court's judgment denying his postsentence motion to withdraw his guilty plea. For the reasons that follow, we affirm the trial court's judgment, but remand for the trial court to correct, nunc pro tunc, the journal entry memorializing Steinke's plea and to issue, nunc pro tunc, one entry of conviction.

**{¶2}** In 2002, Steinke was indicted in two cases. In CR-02-418568 (hereinafter "CR-418568"), he was charged with possession of drugs, possession of criminal tools, unlawful possession of a dangerous ordnance, and carrying a concealed weapon. In CR-02-420619 (hereinafter "CR-420619"), he was charged with murder containing one- and three-year firearm specifications, having a weapon while under disability, tampering with evidence, and obstructing justice.

**{¶3}** In June 2002, Steinke pleaded guilty to possession of drugs in CR-418568. All remaining charges were nolled. Steinke also pleaded guilty to an amended charge of involuntary manslaughter and the attendant three-year firearm specification in CR-420619. Prior to sentencing, Steinke withdrew his guilty pleas in both of these cases.

**{¶4}** In August 2002, Steinke pleaded guilty in CR-420619 to involuntary manslaughter, as amended in Count 1, and the attendant three-year firearm specification. In CR-418568, he pleaded guilty to possession of drugs, unlawful possession of a dangerous ordnance, and carrying a concealed weapon. The trial court sentenced Steinke in CR-420619 to 10 years on the involuntary manslaughter charge, plus three-years on the

firearm specification, for a total of 13 years. In CR-418568, Steinke was sentenced to 17 months in prison on each of the drug possession and concealed weapons charges, and 11 months on the dangerous ordnance charge. The court ordered the sentences imposed in the two cases to run consecutively.

{¶5} Steinke appealed his convictions in *State v. Steinke*, 8th Dist. Cuyahoga No. 81785, 2003-Ohio-3527 ("*Steinke I*"). This court affirmed his convictions, but determined that the trial court committed a clerical error in CR-418568. Therefore, this court remanded CR-418568 for the trial court to indicate that the sentences in CR-418568 were to run concurrently. *Steinke I* at ¶ 43, 47.

{¶6} In December 2011, Steinke filed a motion to withdraw guilty plea asserting that the trial court relied on "untrue information" when imposing sentence. The motion was denied in March 2012. Steinke appealed this decision; this court dismissed the appeal for Steinke's failure to file a timely notice of appeal. *State v. Steinke*, 8th Dist. Cuyahoga No. 98270 (May 7, 2012).

{¶7} In September 2012, Steinke filed a postconviction "motion to set aside judgment of conviction under Crim.R. 52(B) plain error," raising similar arguments he previously made in his unsuccessful motion to withdraw his plea. In October 2012, the trial court denied this post-conviction motion, and Steinke did not appeal.

{¶8} In 2013, Steinke moved to withdraw his guilty plea, which was summarily denied without conducting an evidentiary hearing. Steinke now appeals from this decision and further challenges the trial court's imposition of a void sentence.

## I. Firearm Specification

{¶9} In his first assignment of error, Steinke contends that the trial court erred when it sentenced him to serve a prison sentence on a firearm specification that it had nolled in its journal entry from his change of plea hearing. The state contends the omission in the journal entry was a clerical error that can be corrected nunc pro tunc. We agree.

{¶10} The record reflects that during the plea hearing, the prosecutor set forth the plea agreement regarding CR-420619,

> [*] * * it's my understanding the defendant will withdraw his previously entered plea of not guilty to murder and plead guilty to an amended indictment. With that in mind, I'd ask the Court to amend the charge of murder to reflect a charge of involuntary manslaughter * * * .
>
> My further understanding is the defendant will plead guilty to the three-year firearm specification as charged in the indictment.
>
> * * *
>
> But then again moving back to the overall agreement that we have then, your Honor, the defendant would be pleading guilty to involuntary manslaughter as a felony of the first degree, with the three-year firearm specification, making the mandatory time six years * * * .

(Tr. 20-21, 23.)

{¶11} Acknowledging the agreement, defense counsel stated,

> Yes, your Honor, that is an absolutely correct recitation of our agreement on this case. At this time my client wants to withdraw his previously entered plea of not guilty to the counts as set forth by [the prosecutor] as to 420619. He understands he is facing a minimum mandatory six years in prison to thirteen years at the judge's discretion.

(Tr. 24.)

{¶12} Thereafter, the court engaged in a colloquy with Steinke, specifically asking:

THE COURT:   Mr. Steinke, do you wish to take this plea agreement.

THE DEFENDANT: Yes, your Honor.

* * *

THE COURT: Additionally, the State of Ohio has indicated that you will be pleading guilty to a three-year firearm specification, which means that you must serve your three years consecutive and before you serve any of your other sentences.   Do you understand that?

THE DEFENDANT: Yes.

THE COURT: That means, sir, that that would make your mandatory minimum that you are being sent to prison for from six years to a total of thirteen years.   That means that your — three years first for your firearm specification.   And then if you received the minimum sentence on the first degree felony, that mean that your minimum term of imprisonment would be at the start of six years.   Do you understand that?

THE DEFENDANT: Yes.

(Tr.   27-28.)

{¶13} It appears what was indicated in open court at the plea hearing is not accurately reflected in the plea journal entry.   Based on the transcript of the plea hearing, Steinke acknowledged he was pleading guilty to the firearm specification.   The court's journal entry memorializing the plea inadvertently did not include that Steinke pled guilty to the three-year firearm specification attendant to the involuntary manslaughter count in CR-420619.   While a court speaks through its journal entries, clerical errors may be corrected at any time.   *Steinke*, 8th Dist. Cuyahoga No. 81785, 2003-Ohio-3527, ¶ 47, citing Crim.R. 36.

{¶14} Accordingly, Steinke's assignment of error is overruled.   However, we remand the case for the trial court to correct the plea entry, nunc pro tunc, to accurately

reflect that Steinke pleaded guilty to the three-year firearm specification attendant to amended Count 1, involuntary manslaughter, in CR-420619.

## II. Remand Compliance

{¶15} In his second assignment of error, Steinke contends the trial court erred when it failed to comply with the terms of the remand in *Steinke I*.

{¶16} This assignment of error is moot because the trial court corrected the sentencing journal entry by order of a second remand from this court. While we note that the court complied with this court's order, the entry of conviction needs to include both the finding of guilt and sentence. *See* Crim.R. 32(C).

{¶17} Accordingly, we overrule Steinke's second assignment of error as moot, but remand for the trial court to enter one entry of conviction, incorporating the entry finding guilt and the entire corrected sentence.

## III. Postsentence Motion to Withdraw Guilty Plea

{¶18} In his third assignment of error, Steinke contends the trial court erred in denying his postsentence motion to withdraw his guilty plea and for not conducting an evidentiary hearing.

{¶19} A Crim.R. 32.1 postsentence motion to withdraw a guilty plea is subject to a manifest injustice standard. *State v. Xie*, 62 Ohio St.3d 521, 526, 584 N.E.2d 715 (1992). An appellate court will not reverse a trial court's denial of a motion to withdraw a plea absent an abuse of discretion. *State v. Caver*, 8th Dist. Cuyahoga Nos. 90945 and 90946, 2008-Ohio-6155, citing *State v. Smith*, 49 Ohio St.2d 261, 361 N.E.2d 1324 (1977). An

abuse of discretion implies that the court's attitude was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶20} "Res judicata prevents repeated attacks on a final judgment and applies to all issues that were or might have been litigated." *State v. Sneed*, 8th Dist. Cuyahoga No. 84964, 2005-Ohio-1865, ¶ 16, citing *State v. Brown*, 8th Dist. Cuyahoga No. 84322, 2004-Ohio-6421. "'The doctrine of res judicata is applicable to successive motions to withdraw a guilty plea under Crim.R. 32.1.'" *State v. Muhumed*, 10th Dist. Franklin No. 11AP-1001, 2012-Ohio-6155, ¶ 13, quoting *State v. Tinney*, 5th Dist. Richland No. 2011 CA 41, 2012-Ohio-72, ¶ 27.

{¶21} In this case, Steinke moved to withdraw his plea postsentence on the basis that (1) he received pressure from his family and attorney to enter into the plea, and (2) the court failed to specifically go through each count and specification because "he had no desire to enter a plea of guilty to charges in excess of the plea which he had previously been permitted to withdraw." These issues are barred by res judicata because they could have been raised in his direct appeal or in his prior postconviction motions. Accordingly, his third assignment of error is overruled.

{¶22} Judgment affirmed; case remanded for the trial court to (1) correct, nunc pro tunc, its August 7, 2002 journal entry of the plea hearing to accurately reflect that Steinke pleaded guilty to the three-year firearm specification attendant to amended Count 1, involuntary manslaughter, in Case No. CR-420619; and (2) enter, nunc pro tunc, one entry

of conviction in both cases — Case Nos. CR-420619 and CR-418568, which includes and incorporates the correct plea, finding of guilt, and the complete corrected sentence.

It is ordered that the parties share equally in the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

KATHLEEN ANN KEOUGH, PRESIDING JUDGE

MARY EILEEN KILBANE, J., and
PATRICIA ANN BLACKMON, J., CONCUR