[Cite as *State v. McGraw*, 2016-Ohio-205.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 102807

---

**STATE OF OHIO**

PLAINTIFF-APPELLEE

vs.

**JOHN A. MCGRAW**

DEFENDANT-APPELLANT

---

**JUDGMENT:**
AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-10-534815-A

**BEFORE:** Celebrezze, P.J., Kilbane, J., and S. Gallagher, J.

**RELEASED AND JOURNALIZED:** January 21, 2016

**FOR APPELLANT**

John A. McGraw, pro se
Inmate No. A600-404
Ross Correctional Institution
P.O. Box 7010
Chillicothe, Ohio 45601


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
BY:     Kevin R. Filiatraut
Assistant Prosecuting Attorney
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

FRANK D. CELEBREZZE, JR., P.J.:

{¶1}  Appellant, John A. McGraw, brings this appeal challenging the denial of his successive motion to vacate his pleas to aggravated murder, aggravated burglary, and failure to comply with an order or signal of a police officer.  He argues that the court violated his due process rights in failing to vacate his pleas where he was not properly informed of the period of postrelease control for two counts.  After a thorough review of the facts and applicable law, this court affirms the decision of the trial court.

## I.  Factual and Procedural History

{¶2}  Appellant was arrested after strangling his girlfriend Jessica Andrews to death. He was indicted on numerous charges stemming from the murder.  On the fourth day of jury selection in his capital murder trial, he entered into a plea agreement with the state.  As a part of the agreement, the state dismissed the capital specifications that accompanied the aggravated murder charges.  The state also dismissed several charges including aggravated murder, kidnapping, and failure to comply with an order of a police officer.  After a change of plea colloquy, the court accepted appellant's guilty pleas to one count of aggravated murder with prior calculation and design, a violation of R.C. 2903.01(A); aggravated burglary, a violation of R.C. 2911.11(A)(1); and failure to comply with an order of a police officer, a violation of R.C. 2921.331(B).  The court then set the matter for sentencing.  On February 18, 2011, the court sentenced appellant to an aggregate sentence of 45 years to life:  30 years to life in prison for aggravated murder served consecutive to 10 years for aggravated burglary and five years for failure to comply.

**{¶3}** Appellant was granted leave to file a delayed appeal in 2011. He also filed several motions to withdraw or vacate his guilty pleas in 2011 and 2012 that were all denied. Additionally, appellant filed a postconviction relief petition in 2011. In 2012, this court affirmed appellant's convictions and sentences in his direct appeal. *State v. McGraw*, 8th Dist. Cuyahoga No. 96606, 2012-Ohio-174 ("*McGraw I*"). Subsequent to that decision, the trial court denied appellant's postconviction relief petition and appellant filed an appeal from that decision. This court affirmed the denial. *State v. McGraw*, 8th Dist. Cuyahoga 97839, 2012-Ohio-3692 ("*McGraw II*").

**{¶4}** On February 17, 2015, appellant filed another motion to vacate his pleas claiming that the court failed to properly inform him of the maximum penalties he faced. He argued that the court failed to advise him of the periods of postrelease control for the counts of aggravated burglary and failure to obey the order of a police officer. The court overruled the motion, and appellant filed the instant appeal raising one error for review:

> I. The trial court abused its discretion when it denied [appellant's] motion, thereby denying him due process of and equal protection under the law in violation of the Fourteenth Amendment to the U.S. Constitution and Article I, Section 10 and 16 of the Ohio Constitution.

## II. Law and Analysis

**{¶5}** Appellant claims, without the benefit of a transcript,[1] that he was not properly informed of the applicable periods of postrelease control for two counts prior to entering his guilty pleas. He asserts that this requires the trial court to grant his motion to vacate his pleas.

**{¶6}** The decision to grant or deny a motion to vacate guilty pleas rests with the sound discretion of the trial court. Motions based on Crim.R. 32.1 generally require a defendant to

---

[1] The record contains appellant's 2012 motion to withdraw his guilty pleas to which a partial unauthenticated copy of the plea colloquy transcript is attached.

show that a manifest injustice occurred. *State v. Xie*, 62 Ohio St.3d 521, 526, 584 N.E.2d 715 (1992). In order to establish an abuse of discretion, an appellant must demonstrate that the trial court's decision was arbitrary, unreasonable, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶7} Here, appellant claims he was misled about postrelease control because the trial court used the terms postrelease control and parole interchangeably and failed to inform him of the exact period to which he would be subjected. However, without the submission of a transcript in this case, it is impossible for this court to judge the veracity of those statements. Without a transcript, this court must presume that the trial court properly conducted the plea colloquy in this case. *State v. Hill*, 8th Dist. Cuyahoga No. 96923, 2012-Ohio-2306, ¶ 7.

{¶8} If we overlook this failure and examine the facts as argued in appellant's brief and the portions of the purported transcript attached to appellant's various motions, this court still concludes that the trial court did not err in denying appellant's motion.

{¶9} Appellant apparently quotes from the transcript of the plea colloquy where the court informed appellant about the penalties for aggravated burglary including that he will be subject to a term of postrelease control for a "number of years" and also later calls the period of control "parole." The court apparently uses the term only once as a descriptor or colloquially to describe the period of supervision. Appellant did not have any questions about postrelease control and did not indicate he was confused about any portion of the court's description. Appellant complains that the court did not inform him of the duration of postrelease control. However, the court corrected itself and properly set forth the duration and mandatory nature of the period of postrelease control just prior to accepting appellant's plea to aggravated robbery. Appellant then entered a guilty plea without comment or question.

**{¶10}** The portion of the transcript quoted by appellant when the court was going over the possible penalties for the failure to comply count fails to mention any period of postrelease control.

**{¶11}** A part of the burden appellant faces is to demonstrate that a manifest injustice occurred. A "manifest injustice" has been defined as a clear or openly unjust act. *State ex rel. Schneider v. Kreiner*, 83 Ohio St.3d 203, 208, 699 N.E.2d 83 (1998). This standard permits a defendant to withdraw his plea only in extraordinary cases. *State v. Smith*, 49 Ohio St.2d 261, 264, 361 N.E.2d 1324 (1977).

**{¶12}** Here, appellant cannot meet that burden. He was informed about the existence and duration of the maximum five-year term of postrelease control. Any term imposed for the other offense would merge with this term. R.C. 2967.28(F)(4)(c).

**{¶13}** Appellant argues for a strict application of the dictates of Crim.R. 11 as if this were a direct appeal. Because of the procedural posture of the case, that is not the question this court must address. This court must view this as a successive motion to vacate or withdraw his pleas where appellant is required to show a manifest injustice. Such an injustice has not occurred in this case where no prejudice has befallen appellant because he was correctly advised about the only period of postrelease control that would actually apply to his sentence.

**{¶14}** Further "'res judicata * * * acts to bar raising issues in a successive Crim.R. 32.1 motion to withdraw a plea of guilty where those issues could have been raised in the prior Crim.R. 32.1 motion.'" *State v. Tran*, 10th Dist. Franklin No. 11AP-146, 2012-Ohio-1072, ¶ 11, quoting *State v. Ikharo*, 10th Dist. Franklin No. 10AP-967, 2011-Ohio-2746, ¶ 11, citing *State v. Gallegos-Martinez*, 5th Dist. Delaware No. 10-CAA-06-0043, 2010-Ohio-6463, ¶ 12. This court has applied the same holding numerous times to deny or dismiss successive Crim.R.

32.1 motions. *State v. Waite*, 8th Dist. Cuyahoga No. 96954, 2012-Ohio-489, ¶ 7, collecting cases.

{¶15} In an attempt to circumvent res judicata, appellant argues that it would be fundamentally unfair to apply the doctrine in this case. The complained-of errors do not cast serious doubt on whether appellant's pleas would have been made had the trial court engaged in a more thorough discussion of postrelease control. This is a necessary element of the prejudice analysis pursuant to Crim.R. 32.1 regarding postsentence motions to withdraw guilty pleas. *See State v. Rogers*, 8th Dist. Cuyahoga No. 99246, 2013-Ohio-3246, ¶ 35-38. Appellant's decision to enter guilty pleas in this case, which subjected him to the possibility of imprisonment for life, likely would not have been impacted by any period of postrelease control on the charge of failure to obey as it would merge with the period of which he was informed.

{¶16} This court has chosen not to apply the doctrine of res judicata in cases where it would be inequitable, such as those where this court may have erroneously dismissed an appeal and the appellant then brought claims in a postconviction petition. *See State v. Moore*, 8th Dist. Cuyahoga Nos. 100483 and 100484, 2014-Ohio-5682, ¶ 30. There is no such inequity in the present case and the doctrine is clearly applicable to "'successive motions to withdraw a guilty plea under Crim.R. 32.1.'" *State v. Steinke*, 8th Dist. Cuyahoga No. 100345, 2014-Ohio-2059, ¶ 20, quoting *State v. Muhumed*, 10th Dist. Franklin No. 11AP-1001, 2012-Ohio-6155, ¶ 13.

{¶17} Appellant argues that the Ohio Supreme Court has addressed these types of issues despite their being raised in successive motions, citing to *State v. Sarkozy*, 117 Ohio St.3d 86, 2008-Ohio-509, 881 N.E.2d 1224. *Sarkozy* does not dictate the outcome in this case because the trial court did mention postrelease control and did, in fact, correctly inform appellant that he would be subject to five years of mandatory postrelease control. *Sarkozy* involved a complete

failure to address a requirement under Crim.R. 11. *Id*. at ¶ 22. While the trial court apparently did not include an advisement regarding the charge of failure to obey, he did advise appellant about postrelease control for the aggravated burglary prior to accepting his plea. This is not a complete failure to mention postrelease control as was the case in *Sarkozy*. As *Sarkozy* indicates, the present case implicates a prejudice analysis where appellant must demonstrate that he was prejudiced by the failure and would not have otherwise entered a guilty plea. *Id*. at ¶ 23. As explained above, he cannot demonstrate prejudice in this case.

{¶18} Appellant also claims res judicata should not apply because he has the choice to raise issues regarding the plea in either a direct appeal or a Crim.R. 32.1 motion and he should not be penalized for raising these issues in a motion rather than a direct appeal. This is a false dichotomy put forth by appellant. Res judicata applies to this case because appellant previously raised the issue of the validity of his pleas in previous Crim.R. 32.1 motions — several in fact. It is in those motions that appellant should have raised the arguments he currently advances and did not. It is for this reason that res judicata applies.

{¶19} There is no fundamental unfairness in applying res judicata to the present case. The motion does not cite to grounds that would justify such a finding. The issues raised all revolve around the Crim.R. 11 plea colloquy. The reasons appellant asserts that the trial court erred in denying his motion were all known at the time of a direct appeal or within the period of time offered appellant in Crim.R. 32.1. In his third motion attacking his guilty pleas, he asserted his pleas were not knowing, intelligent, and voluntary because the trial court failed to ensure that appellant understood the nature of the charges. There is no reason appellant could not have raised these arguments in the prior motions. Therefore, res judicata applies to bar appellant's arguments.

## III. Conclusion

**{¶20}** The trial court did not err in denying appellant's successive motion to withdraw his guilty pleas. Appellant failed to file a transcript demonstrating any claimed error. Even if he did, based on the record provided, appellant's claims fail where his arguments do not amount to a manifest injustice. The fact that the court failed to inform appellant about a period of postrelease control prior to accepting his plea where the court properly informed him of the maximum five-year mandatory period of postrelease control on a different count demonstrates the futility of his arguments. Further, appellant's failure to raise the issue in numerous prior motions to withdraw means the present arguments are barred by res judicata.

**{¶21}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

FRANK D. CELEBREZZE, JR., PRESIDING JUDGE

MARY EILEEN KILBANE, J., and
SEAN C. GALLAGHER, J., CONCUR