[Cite as *State v. Montgomery*, 2016-Ohio-2943.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 103398**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## KENNY MONTGOMERY, JR.

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-14-584761-A

**BEFORE:** Keough, P.J., McCormack, J., and Stewart, J.

**RELEASED AND JOURNALIZED:** May 12, 2016

**ATTORNEY FOR APPELLANT**

Thomas E. Conway
55 Public Square, Suite 2100
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
By:    Anthony Thomas Miranda
            Jonathan Block
        Frank Romeo Zeleznikar
Assistant Prosecuting Attorneys
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

KATHLEEN ANN KEOUGH, P.J.:

{¶1} In this delayed appeal, defendant-appellant, Kenny Montgomery, Jr., appeals the trial court's denial of his postsentence motion to withdraw his plea. For the reasons that follow, we affirm.

{¶2} In May 2014, Montgomery was charged with one count of aggravated burglary and two counts of felonious assault. In September 2014, Montgomery entered into a plea agreement with the state where he agreed to plead guilty to an amended charge of burglary and one amended charge of attempted felonious assault. The offenses merged for sentencing, and the state elected to proceed with sentencing on the attempted felonious assault charge, a third-degree felony. Montgomery was sentenced to 12 months in prison, ordered to run concurrently with a three-year prison sentence in an unrelated case.

{¶3} After being sentenced, Montgomery moved to withdraw his plea pursuant to Crim.R. 32.1, contending that he did not receive effective assistance of counsel, he pled guilty because he felt pressured by his counsel, and he was actually innocent. The trial court summarily denied his motion. Montgomery appeals from this order, raising as his sole assignment of error that the trial court erred when, without hearing, it refused to allow him to withdraw his guilty plea.

{¶4} A Crim.R. 32.1 postsentence motion to withdraw a guilty plea is subject to a manifest injustice standard. *State v. Xie*, 62 Ohio St.3d 521, 526, 584 N.E.2d 715 (1992). A "manifest injustice" has been defined as a "clear or openly unjust act," *State*

*ex rel. Schneider v. Kreiner*, 83 Ohio St.3d 203, 208, 699 N.E.2d 83 (1998), that is viewed as a "an extraordinary and fundamental flaw in the plea proceeding." *State v. Hamilton*, 8th Dist. Cuyahoga No. 90141, 2008-Ohio-455, ¶ 8. Ineffective assistance of counsel can constitute a manifest injustice constituting a withdrawal of a guilty plea. *State v. Ayesta*, 8th Dist. Cuyahoga No. 101383, 2015-Ohio-1695, ¶ 8, citing *State v. Dalton*, 153 Ohio App.3d 286, 2003-Ohio-3813, 793 N.E.2d 509, ¶ 18 (10th Dist.).

{¶5} The individual seeking withdrawal of the plea bears the burden of establishing the existence of a "manifest injustice." *State v. Smith*, 49 Ohio St.2d 261, 361 N.E.2d 1324 (1977), paragraph one of syllabus. A determination of whether that burden is satisfied is within the sound discretion of the trial court, and will not be reversed by an appellate court absent an abuse of that discretion. *State v. Steinke*, 8th Dist. Cuyahoga No. 100345, 2014-Ohio-2059, ¶ 19, citing *State v. Caver*, 8th Dist. Cuyahoga Nos. 90945 and 90946, 2008-Ohio-6155; *Smith*. An abuse of discretion implies that the court's attitude was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶6} A hearing on a Crim.R. 32.1 postsentence motion is only required if the facts alleged by the defendant, accepted as true, would require that the defendant be allowed to withdraw the plea. *State v. Legree*, 61 Ohio App.3d 568, 574, 573 N.E.2d 687 (6th Dist.1988). "A hearing is not required where the record, on its face, conclusively and irrefutably contradicts the allegations in support of withdrawal." *Id.*

{¶7} In this case, Montgomery attached two affidavits to his motion in support of his argument to withdraw his plea. In these affidavits, he expressed his actual innocence and dissatisfaction with his assigned trial counsel. He alleged that he was pressured by his trial counsel to plead guilty and that counsel failed to perform requested duties.

{¶8} However, the record conclusively refutes the allegations in Montgomery's affidavits. Part of the Crim.R. 11 colloquy included the trial court asking Montgomery whether he was threatened or promised anything to induce his change of plea. Montgomery denied that any threats or promises were made. He unequivocally stated that he did not want a trial, that he knew and understood what he was doing at the time the plea was made, and entered guilty pleas to both offenses. Moreover, he concedes on appeal that the court substantially complied with Crim.R. 11 prior to accepting his guilty pleas.

{¶9} Montgomery's time to object or voice concern about counsel's performance was during the colloquy, rather than sit on his hands and later complain about counsel after the sentence was imposed. The record shows that Montgomery was extremely pleased with his counsel's performance at the time of the plea and sentencing. Montgomery stated to the court, "I want to thank my lawyer, * * *, for representing me to the best of his ability. I didn't really give him that much to work with by me not testifying [in an unrelated case], but he still tried. I'm going to miss him coming to visit me." (Tr. 34.) When the trial court seemed shocked to hear this compliment due to Montgomery's pretrial attitude, Montgomery continued, "Once again, like I said, I want

to thank [defense counsel]. I mean, he represented me. He gave me some good advice. I appreciate all his hard work." (Tr. 35.) Therefore, we can only conclude that the motion to withdraw his guilty plea was merely a change of heart.

{¶10} Accordingly, Montgomery failed to demonstrate that a manifest injustice occurred. The trial court did not abuse its discretion in denying Montgomery's postsentence motion to withdraw his plea without holding a hearing. The assignment of error is overruled.

{¶11} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
KATHLEEN ANN KEOUGH, PRESIDING JUDGE

TIM McCORMACK, J., and
MELODY J. STEWART, J., CONCUR