[Cite as *State v. Black*, 2021-Ohio-1490.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

    Plaintiff-Appellee,          :

                                        No. 109853

    v.                           :

DEASHAWN J. BLACK,                      :

    Defendant-Appellant.         :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** April 29, 2021

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-15-599913-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting
Attorney, and Brandon Piteo, Assistant Prosecuting
Attorney, *for appellee.*

Deashawn J. Black, *pro se.*

MARY EILEEN KILBANE, J.:

{¶ 1} Pro se defendant-appellant Deashawn J. Black ("Black") appeals the denial of his motion for sentencing. For the reasons that follow, we affirm.

# I.  PROCEDURAL BACKGROUND

{¶ 2}  On October 8, 2015, Black was indicted by a Cuyahoga County Grand Jury for a total of seven counts against two separate victims, Jane and John Doe:

(1) Aggravated Robbery, felony of the first degree, in violation of R.C. 2911.01(A)(1) against Jane Doe;

(2) Aggravated Robbery, felony of the first degree, in violation of R.C. 2911.01(A)(1) against John Doe;

(3) Aggravated Robbery, felony of the first degree, in violation of R.C. 2911.01(A)(3) against Jane Doe;

(4) Felonious Assault, felony of the second degree, in violation of R.C. 2903.11(A)(1) against Jane Doe;

(5) Felonious Assault, felony of the second degree, in violation of R.C. 2903.11(A)(2) against Jane Doe; and

(6) Kidnapping, felony of the first degree, in violation of R.C. 2905.01(A)(2) against Jane Doe.

(7) Kidnapping, felony of the first degree, in violation of R.C. 2905.01(A)(2) against John Doe.

Each of the seven counts further included both a one- and three-year firearm specification, pursuant to R.C. 2941.141(A) and 2941.145(A), respectively.

{¶ 3}  On November 17, 2015, Black entered guilty pleas to Counts 1 and 2, amended to remove the one-year firearm specification on each count and amended the victim's names.  As such, Black pleaded guilty to two counts of aggravated robbery, a first-degree felony, against two separate victims with a three-year firearm specification on each count.  The journal entry from the trial court states, in relevant part, that:

The defendant is advised that under R.C. 2929.14(B)(1)(G) the two firearm specifications must be served consecutively to each other and to any prison time on the underlying felonies, meaning there is a mandatory minimum of six years in prison on the specifications before any time is served on the aggravated robbery charges themselves.

Defendant advised of post release control for 5 years mandatory. Defendant advised if/when post release control supervision is imposed following his/her release from prison and if he/she violates that supervision or condition of post release control under R.C. 2967.131(B), parole board may impose a prison term as a part of the sentence of up to one-half of the stated prison term originally imposed upon the offender.

(Emphasis deleted.) Journal entry (Nov. 17, 2015).

{¶ 4} On December 8, 2015, the court sentenced Black to a total term of 12 years. He was sentenced to six years on Count 1 and five years on Count 2 to be served concurrently, to begin after the two, three-year terms for each firearm specification, which were to be served consecutively.

{¶ 5} On June 15, 2020, Black filed a "Motion For: Sentencing" with the trial court in which he argued the trial court failed to "make necessary and required findings" before imposing his sentence. The state filed a brief in opposition on July 1, 2020, and attached the sentencing hearing transcript as exhibit No. 1. On July 9, 2020, the trial court denied this motion.

{¶ 6} On July 28, 2020, Black filed his notice of appeal from the July 9, 2020 trial court judgment denying his motion for sentencing. Because Black did not timely file the transcript as required by App.R. 10, this court sua sponte granted an extension to file the transcript. After a motion from Black, this court found that the

transcript for the hearing was attached to the state's brief in opposition such that the record from the trial court was complete.

{¶ 7} In his brief, Black asserts the following assignment of error:

<u>Assignment of Error No. 1</u>

Where a trial court fails to make required and mandatory findings and notifications prior to accepting a defendant's guilty plea, the trial court fails to strictly comply with the mandatory provisions of Crim. R. 11(C) and the resulting guilty plea is not knowingly, intelligently, and voluntarily made, *see*: *State v. Sarkozy*, 117 Ohio St. 3d 86; *State v. Boswell*, 121 Ohio St. 3d 575; and, *State v. Montez-Jones* (5th Dist), 2001-Ohio-1202. *see also* U.S.C.A. Const. Amend. 14.

## II. LAW AND ANALYSIS

{¶ 8} Black's sole assignment of error appears to take issue with the trial court's alleged failure to make required and mandatory findings and notifications prior to accepting his guilty plea, such that his guilty plea was not knowingly, intelligently, and voluntarily made. Pursuant to Crim.R. 32.1 which states: "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." As such, the only way Black can challenge his guilty plea is for the December 8, 2015 judgment of conviction to be set aside.

{¶ 9} Pursuant to App.R. 4(A) this court lacks jurisdiction to consider a challenge to Black's conviction, which was journalized as a final order on December 8, 2015, because he did not timely appeal that judgment. *State v. Pollard*, 8th Dist. Cuyahoga No. 97468, 2012-Ohio-2311, ¶ 6 ("without a timely notice of appeal from

the order challenged, this court lacks jurisdiction to consider it."), citing *State v. Lopez*, 8th Dist. Cuyahoga No. 85306, 2005-Ohio-3711, ¶ 15 (internal citation omitted). Instead, Black has appealed the trial court's July 9, 2020 judgment entry denying his motion for sentencing.

{¶ 10} App.R. 3(D) states that a notice of appeal "shall designate the judgment, order, or part thereof appealed from." This court has consistently held an appellate court is "without jurisdiction to review a judgment or order which is not designated in the appellant's notice of appeal." *Pollard* at ¶ 9, quoting *Parks v. Baltimore & Ohio RR.*, 8th Dist. Cuyahoga No. 59894, 1991 Ohio App. LEXIS 4435, 428 (Sept. 30, 1991); *see also State v. Kennedy*, 8th Dist. Cuyahoga No. 79143, 2002-Ohio-42; *State v. Millhouse*, 8th Dist. Cuyahoga No. 79910, 2002-Ohio-2255, ¶ 51-52. As such, assignments of error that address issues outside the scope of the present appeal cannot be addressed. *State v. Wright*, 8th Dist. Cuyahoga No. 95634, 2011-Ohio-3583, ¶ 7. Therefore, because Black appealed from the July 9, 2020 judgment entry, this court does not have jurisdiction to review the trial court's December 8, 2015 judgment of conviction.

{¶ 11} Furthermore, even if Black had timely appealed from the December 8, 2015 journal entry, this court would still be unable to hear his appeal because Black has failed to attach the transcript from the November 17, 2015 plea hearing. Without a transcript, the record is inadequate to permit a review of the claimed error. Black is required to provide a transcript for this court to review because he must show error by pointing to matters in the record. *State v. Briscoe*, 8th Dist.

Cuyahoga No. 98414, 2012-Ohio-4943, ¶ 14, citing *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199, 400 N.E.2d 384 (1980). As this court stated in *Briscoe*:

> [w]hen portions of the transcript necessary for resolution of an assigned error are omitted from the record, the reviewing court has nothing upon which to pass judgment and thus, as to such an assigned error, the court has no choice but to presume the validity of the lower court's proceedings, and affirm. *Id.*

{¶ 12} Therefore, because Black's assignment of error fails to point to any error related to the trial court's July 9, 2020 judgment, this court must overrule his assignment of error.

{¶ 13} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY EILEEN KILBANE, JUDGE

FRANK D. CELEBREZZE, JR., P.J., CONCURS;
KATHLEEN ANN KEOUGH, J., CONCURS IN JUDGMENT ONLY