[Cite as *State v. Montanez*, 2024-Ohio-1468.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                                           :

    Plaintiff-Appellee,                          :

                                                            No. 112679

    v.                                                      :

SAMMY MONTANEZ,                                         :

    Defendant-Appellant.                          :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** April 18, 2024

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-04-454739-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Owen Knapp, Assistant Prosecuting Attorney, *for appellee.*

Sammy Montanez, *pro se.*

LISA B. FORBES, J.:

{¶ 1} Appellant Sammy Montanez ("Montanez"), acting pro se, appeals the trial court's journal entry denying his motion for resentencing. After reviewing the facts of the case and the pertinent law, we affirm the trial court's decision.

## I.  Facts and Procedural History

{¶ 2}  On September 12, 2005, Montanez pled guilty to murder with a firearm specification, a first-degree felony in violation of R.C. 2903.02(A), and "offenses against a human corpse," a fifth-degree felony in violation of R.C. 2927.01. Montanez was sentenced to "3 years on [the] firearm spec to be served prior to and consecutive with life in prison * * * without the possibility of parole for 15 years" for the murder, to be served concurrent to 12 months in prison for the "offenses against a human corpse."  Montanez did not file a direct appeal of his convictions and sentence.

{¶ 3}  Over the next eight years, Montanez, acting pro se, filed three motions to vacate his convictions and sentence, one motion for a revised journal entry, one appeal in this court, and one appeal in the Ohio Supreme Court.  The motions were denied, the appeal to this court was dismissed as untimely, and the Ohio Supreme Court declined to accept jurisdiction of Montanez's case.

{¶ 4}  Starting in 2013, Montanez filed multiple documents that led to the trial court resentencing him in 2014.  In all of these filings, Montanez represented himself pro se.  An overview of the relevant procedural history of this case leading up to Montanez's resentencing follows.

{¶ 5}  Montanez filed a motion for resentencing on September 4, 2013, and a motion to proceed to judgment on October 15, 2013.  The trial court granted Montanez's motion for resentencing "without objection from the state of Ohio" on

November 19, 2013, and issued a "nunc pro tunc corrected entry sentencing defendant to an indefinite term of 15 years to life pursuant to R.C. 2929.02(B)(1)."

{¶ 6} On March 10, 2014, Montanez filed a motion to issue revised journal entry of conviction, and on April 17, 2014, Montanez filed a motion to proceed to final judgment. On June 13, 2014, Montanez filed a writ of procedendo in this court, requesting that the trial judge render a ruling on the March 10, 2014 motion. This court denied the writ, finding that the trial court ordered a resentencing hearing in a journal entry dated July 3, 2014. *See State ex rel. Montanez v. Sutula*, 8th Dist. Cuyahoga No. 101525, 2014-Ohio-3825.

{¶ 7} In July 2014, Montanez filed a motion to continue the resentencing hearing and two motions to withdraw his guilty plea. The court held a resentencing hearing on October 24, 2014, and resentenced Montanez to an aggregate term of 18-years-to-life in prison. On October 30, 2014, the trial court issued a journal entry memorializing this sentence (this hearing and journal entry will be referred to as the "2014 Resentencing").

{¶ 8} Starting in 2015, and culminating with the instant appeal, Montanez, still acting pro se, filed myriad additional documents challenging the 2014 Resentencing. An overview of the procedural history of these filings follows.

{¶ 9} On December 2, 2015, Montanez appealed from the 2014 Resentencing, and this court dismissed the appeal as untimely. *State v. Montanez*, 8th Dist. Cuyahoga No. 102285.

{¶ 10} In May 2015, Montanez filed a second appeal from the 2014 Resentencing and was granted leave to file a delayed appeal on June 23, 2015. *State v. Montanez*, 8th Dist. Cuyahoga No. 103045. However, this court dismissed the appeal on July 22, 2015, for failure to file the record. This court then reconsidered its decision and put Montanez's appeal back on the active docket in August 2015.

{¶ 11} This court again dismissed Montanez's appeal No. 103045 in October 2015, for failure to file the record. This court again reconsidered its decision and put Montanez's appeal back on the active docket for the second time in a journal entry dated October 20, 2015. This journal entry ordered Montanez to file the record "by November 2, 2015 or the appeal will be dismissed." On November 17, 2015, this court dismissed Montanez's appeal for the third time for failure to file the record.

{¶ 12} On January 23, 2017, Montanez filed another motion for resentencing in the trial court, arguing that the court failed to notify him of his appellate rights pursuant to Crim.R. 32(B) during the 2014 Resentencing. The trial court journalized an entry denying Montanez's motion on June 6, 2017.

{¶ 13} Montanez filed a motion to reconsider the June 6, 2017 judgment on September 14, 2017, again arguing that the court failed to notify him of his appellate rights pursuant to Crim.R. 32(B) during the 2014 Resentencing. Montanez did not file a direct appeal of the June 6, 2017 journal entry.

{¶ 14} Montanez made this same argument — that the court failed to notify him of his appellate rights pursuant to Crim.R. 32(B) at the 2014 Resentencing — in a motion for resentencing that he filed on July 1, 2021. The trial court denied this

motion on July 27, 2022, finding the following: "The failure of a trial court to advise a defendant of his or her appellate rights under Crim.R. 32(B) renders the sentence voidable, not void. * * * Consequently, defendant may raise his claim that the trial court failed to advise the defendant of his appellate rights under Crim.R. 32(B) only on appeal." The journal entry cited *State v. Johnson*, 8th Dist. Cuyahoga No. 108661, 2020-Ohio-2826, ¶ 6, and *State v. Harper*, 160 Ohio St.3d 480, 2020-Ohio-2913, ¶ 26.

{¶ 15} On August 11, 2022, Montanez appealed the July 27, 2022 journal entry. *State v. Montanez*, 8th Dist. Cuyahoga No. 111834. This court dismissed the appeal on August 29, 2022, stating the following:

> The trial court denied appellant's motion for resentencing on June [6], 2017. The previous motion set forth the same argument that appellant raises in the instant appeal. Instead of filing a direct appeal from the trial court's first denial to resentence, appellant filed a second motion raising the same issue he raised in his prior motion. After the trial court denied the second motion to resentence, appellant filed the instant appeal. "This type of 'bootstrapping' to wit, the utilization of [a] subsequent order to indirectly and untimely appeal [a] prior order (which was never directly appealed) is procedurally anomalous and inconsistent with the appellate rules, which contemplate a direct relationship between the order from which the appeal is taken and the error assigned as a result of that order." *See State v. Knuckles*, 8th Dist. Cuyahoga No. 101309, 2014-Ohio-3823, ¶ 7 * * *.

Motion No. 55767.

{¶ 16} On October 3, 2022, Montanez appealed the trial court's June 6, 2017 denial of his motion for resentencing. Two days later, this court dismissed the appeal, stating that Montanez's "prior appeal was dismissed on August 29, 2022. Instead of filing a timely motion for reconsideration, appellant filed the instant

appeal more than a month after the dismissal. An appellant cannot file more than one appeal from the same judgment entry." *State v. Montanez*, 8th Dist. Cuyahoga No. 112000, motion No. 558657.

{¶ 17} On May 4, 2023, Montanez again appealed the trial court's June 6, 2017 denial of his motion for resentencing, and the issue is once again before this court in the instant appeal.

{¶ 18} Montanez raises the following assignment of error:

> The trial court violated Montanez's rights protected under the 5th and 14th amendments to the U.S. Const., Art. IV Sec. 3 of the Ohio Const. when it denied his motion for resentencing.

## II. Law and Analysis

{¶ 19} The Ohio Supreme Court has "repeatedly declared that 'pro se litigants * * * must follow the same procedures as litigants represented by counsel.' *State ex rel. Gessner v. Vore*, 123 Ohio St.3d 96, 2009-Ohio-4150, 914 N.E.2d 376, ¶ 5." *State ex rel. Neil v. French*, 153 Ohio St.3d 271, 2018-Ohio-2692, 104 N.E.3d 764, ¶ 10. Furthermore, Ohio courts have consistently held that pro se litigants "are presumed to have knowledge of the law and legal procedure and * * * they are held to the same standard as litigants who are represented by counsel." *Sabouri v. Ohio Dept. of Job & Family Servs.*, 145 Ohio App.3d 651, 654, 763 N.E.2d 1238 (10th Dist.2001).

{¶ 20} In 2014, 2015, 2017, 2021, 2022, and 2023 Montanez challenged his 2014 Resentencing in the trial court and in this court. All of his filings in the trial court were either denied or presumed denied because the court did not issue a

ruling. Two of Montanez's appeals were dismissed because he failed to follow the Ohio Rules of Appellate Procedure and the Local Rules of the Eighth District Court Appeals. Montanez's third appeal was dismissed because he was attempting to "bootstrap" the denial of a motion he filed in 2022 to reach the merits of the 2014 Resentencing. Montanez's fourth appeal was dismissed because he improperly attempted to appeal the June 6, 2017 judgment entry for the second time.

{¶ 21} In the case at hand, Montanez is attempting to again appeal the June 6, 2017 journal entry, still arguing that the court failed to advise him of his appellate rights at the 2014 Resentencing, and additionally arguing that he was not properly served with the journal entry that he attached to multiple filings.

{¶ 22} Upon review, we find that we must presume regularity of the 2014 Resentencing hearing. Montanez failed to file a transcript of the 2014 Resentencing hearing, and this court issued the following journal entry on June 29, 2023: "Sua sponte, the record in this appeal has been converted into an App.R. 9(A) record for failure to file an App.R. 9(B) transcript due by June 13, 2023. Record is now deemed complete." *See Capriolo v. Am. Constr. Group, L.L.C.*, 8th Cuyahoga No. 111403, 2022-Ohio-4508, ¶ 17, 26 (presuming regularity for failure to file a transcript on appeal when the record "was sua sponte converted into an App.R. 9(A) record for failure to file an App.R. 9(B) transcript").

{¶ 23} "The appellant has the duty to file the transcript or such parts of the transcript that are necessary for evaluating the trial court's decision. * * * Failure to file the transcript prevents an appellate court from reviewing an appellant's assigned

errors.  * * * Thus, absent a transcript * * *, we must presume regularity in the proceedings below." *Lakewood v. Collins*, 8th Dist. Cuyahoga No. 102593, 2015-Ohio-4389, ¶ 9.

{¶ 24} Pursuant to App.R. 9(A)(1), the record on appeal consists of the following: "The original papers and exhibits * * * filed in the trial court, the transcript of proceedings, if any, * * * and a certified copy of the docket and journal entries * * *."  App.R. 9(B) states that it is the appellant's duty to order the transcript and App.R. 9(B)(6)(a)-(j) explains in detail what constitutes a transcript for the purpose of an appeal.  Additionally, Loc.App.R. 9(G) states as follows:

> Any transcript of proceedings filed in support of an appeal shall consist of the original transcript as created by the official court reporter designated by the trial court under App.R. 9(B)(2).  No party is permitted to file a copy of a transcript, which is hereby defined as not the original transcript created by the official court reporter, unless leave of court is requested and granted by this court.  Any copy of a transcript may be sua sponte stricken by this court.

{¶ 25} On appeal, Montanez argues that he attached a copy of the 2014 Resentencing hearing transcript as exhibit A to his January 27, 2017 motion for resentencing that was filed in the trial court, and this "rebuts" the fact that he failed to file a transcript in this court.  However, the document attached to Montanez's January 23, 2017 motion does not meet the requirements of App.R. 9(B) and Loc.App.R. 9(G).

{¶ 26} This court has presumed regularity when the appellant attached a copy of a transcript to a motion filed in the trial court and did not file a separate transcript in this court that complied with App.R. 9(B)(6).  *See State v. Black*, 8th

Dist. Cuyahoga No. 109853, 2021-Ohio-1490 (presuming regularity for failure to file a transcript on appeal when a copy of the transcript was attached to a brief in opposition filed in the trial court); *State v. McGraw*, 8th Dist. Cuyahoga No. 102807, 2016-Ohio-205 (presuming regularity for failure to file a transcript on appeal when an unauthenticated copy of the transcript was attached to a motion filed in the trial court).

{¶ 27} Accordingly, Montanez's sole assignment of error is overruled.

{¶ 28} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
LISA B. FORBES, JUDGE

KATHLEEN ANN KEOUGH, A.J., and
MARY EILEEN KILBANE, J., CONCUR